JEFFREY S. WRUBLE (SBN: 94734)
  Email: jwruble@buchalter.com
WILLIAM S. BRODY (SBN: 136136)
  Email: wbrody@buchalter.com
DAVID E. MARK (SBN: 247283)
  Email: dmark@buchalter.com
MARY ANCY PENDERGRASS (SBN: 252705)
  Email: mpendergrass@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017-2457
Telephone: (213)  891-0700
Facsimile:  (213)  896-0400

Attorneys for Plaintiff, HFC ACCEPTANCE, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HFC ACCEPTANCE, LLC, a California limited liability company,<br><br>               Plaintiff,<br><br>     v.<br><br>AEZ Rent A Car LLC, a New York limited liability company;<br>ICR Group LLC, a New York limited liability company;<br>JHRC Corp, a New York corporation;<br>The Bar, LLC, a New York limited liability company;<br>WCR Group, LLC, a New York limited liability company;<br>YTS Group, LLC, a New York limited liability company;<br>Yitzchok M. Birnhack, an individual domiciled in New York,<br><br>               Defendants. | **Case No: 2:23-cv-07744-DDP-AGR**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT OF EX PARTE APPLICATION FOR:**<br><br>**(1)   ORDER APPOINTING TEMPORARY RECEIVER AND ORDER TO SHOW CAUSE WHY A PERMANENT RECEIVER SHOULD NOT BE APPOINTED, AND**<br><br>**(2)   TEMPORARY RESTRAINING ORDER IN AID OF RECEIVER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION IN AID OF RECEIVER SHOULD NOT BE ISSUED;**<br><br>[Filed Concurrently with Supplemental Declaration of Jeffrey Brodsky]<br><br>Date: October 16, 2023<br>Time: 8:30 a.m. |

BN 78941637V2

BUCHALTER
A Professional Corporation
Los Angeles

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER APPOINTING TEMPORARY RECEIVER**

Case No. 2:23-cv-07744-GW-AGR

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff HFC Acceptance, LLC ("Plaintiff") hereby submits its Supplemental Memorandum of Points and Authorites in Support of Ex Parte Application for: (1) Order Appointing Temporary Receiver and Order to Show Cause Why A Permanent Receiver Should Not Be Appointed, And (2) Temporary Restraining Order in Aid of Receiver and Order to Show Cause Why A Preliminary Injunction in Aid of Receiver Should Not Be Issued pursuant to the Court's Ruling on Plaintiff's Ex Parte Application to Appoint Receiver for HFC Financed Vehicles [ECF No. 17].

## I.    INTRODUCTION

While the appointment of a receiver is an extraordinary equitable remedy, the circumstances here are also extraordinary and warrant such an appointment. This case concerns ***55 separate items of mobile collateral*** that spend most of the time in the possession and control of complete strangers to the secured loan transaction at bar while Defendant Borrowers[1] brazenly refuse to turn over the rental vehicle collateral and refuse to pay their loan obligations. Only an experienced, capable receiver, imbued with the appropriate authority from this Court can protect Plaintiff's collateral from the risk of loss.

Not only did the Defendant Borrowers expressly agree to the appointment of a receiver in connection with the loan to purchase 55 motor vehicles (the "HFC Financed Vehicles"), they also agreed that Plaintiff has the right to immediate possession of the HFC Financed Vehicles, which are the collateral for Plaintiff's loan.[2]  Not only have Defendant Borrowers pay their loan obligations, they have outright refused to turn over the collateral or provide information on the whereabouts

---

[1] Defendants AEZ Rent A Car LLC, a New York limited liability company; ICR Group LLC, a New York limited liability company; JHRC Corp, a New York corporation; The Bar, LLC, a New York limited liability company; WCR Group, LLC, a New York limited liability company; and YTS Group, LLC, a New York limited liability company (together, "Defendant Borrowers" and together with Defendant Yitzchok M. Birnhack, "Defendants").

[2] Security Agreement, p. 10.

BN 78941637V2                                                          1

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR
ORDER APPOINTING TEMPORARY RECEIVER

Case No. 2:23-cv-07744-GW-AGR

of the HFC Financed Vehicles. Indeed, in August 2023, Defendant Yitzchok M. Birnhack – the owner of Defendant Borrowers – ***told Plaintiff that Defendant Borrowers cannot make any payment, that Defendant Borrowers cannot commit to any payment arrangement, and that Defendant Borrowers will not return the cars.***[3] Notably, Defendant Borrowers have not disputed the debt owed to Plaintiff and have not responded to a notice of default served on them by Plaintiff.

All the while, Defendant Borrowers are putting Plaintiff's collateral in the hands of third party customers for the sole benefit of the Defendant Borrowers – collecting rental fees from customers, while at the same time increasing the mileage and wear and tear on the vehicles, further decreasing their value – without paying Plaintiff what it is indisputably owed.

Stonewalled by Defendant Borrowers' refusal to turn over Plaintiff's collateral, Plaintiff was forced to seek this Court's help in protecting and preserving its security for this loan. The rental car collateral is, by definition, mobile and almost always in the possession of third parties whose identities and contact information only Defendant Borrowers know. Thus, the HFC Financed Vehicles are not located in any one particular location, but may be located anywhere while in the possession of third party customers of Defendant Borrowers. Given the nature of the collateral and Defendant Borrowers' continued use of the HFC Financed Vehicles (for their sole financial gain), the appointment of a receiver is necessary here. See Brodsky Decl., ¶¶8-13.

A receiver taking possession of the HFC Financed Vehicles is the only practical way of protecting Plaintiff's collateral and assuring that the HFC Financed Vehicles are recovered and timely liquidated to reduce the risk of loss and irreparable injury to Plaintiff. Because the HFC Financed Vehicles are disbursed throughout New York, New Jersey, and perhaps elsewhere and are in possession of and being

---

[3] Supplemental Declaration of Jeffrey Brodsky ("Brodsky Decl."), ¶ 6.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78941637V2

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER APPOINTING TEMPORARY RECEIVER**          Case No. 2:23-cv-07744-GW-AGR

driven by third party customers, Plaintiff cannot simply look to its "self-help" remedies to repossess the HFC Financed Vehicles. There is no other measure of relief to avoid further depreciation or risk of loss in these special circumstances.

## II.   THE APPOINTMENT OF A RECEIVER IS NECESSARY BECAUSE THERE IS IMMINENT DANGER TO PLAINTIFF'S COLLATERAL AND THERE ARE NO OTHER ADEQUATE LEGAL REMEDIES.

The appointment of a receiver is essential to take possession of, safeguard, and liquidate the HFC Financed Vehicles, with the proceeds distributed to Plaintiff in partial satisfaction of the amounts due and owing by Defendant Borrowers to Plaintiff.

### A.   Imminent Danger of Loss.

Given that the HFC Financed Vehicles are being used as rental cars, there is an increased risk of loss or dissipation in value.  The danger here is imminent.

Motor vehicles depreciate in two ways: age (passage of time) and usage (mileage).  Even if unused, motor vehicles depreciate at an approximate rate of 1.5% per month. Brodsky Decl., ¶8. Here, however, because the HFC Financed Vehicles are rental cars, the wear and tear and risk of damage from the continued use of the HFC Financed Vehicles by third party customers of Defendant Borrowers is accelerated.  Brodsky Decl., ¶9. One reason is because rental cars are inherently used differently than personal cars. *Id.* Every mile incurred on an automobile depreciates the value of the car – rental cars even more so. *Id.* Customers use them for longer trips resulting in a massive amount of mileage as opposed to individually owned cars. *Id.*

Moreover, customers do not treat rental cars with the same care as they would their own vehicles, resulting in increased wear and tear. *Id.* Nor do borrowers who are behind on their payments. Brodsky Decl., ¶10. When borrowers are unable to make payment on financed vehicles, they are also unable and/or unwilling to perform

BN 78941637V2                                3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER APPOINTING TEMPORARY RECEIVER**                    Case No. 2:23-cv-07744-GW-AGR

routine maintenance to keep the automobile in good working condition so that it better retains its value. *Id.* Borrowers in default are also less willing to make repairs so they generally have more damage. *Id.* This also accelerates depreciation.

Finally, the HFC Financed Vehicles are disbursed throughout New York and New Jersey (and perhaps elsewhere) because they are being rented to third parties. Rental cars generally have an 80% utilization rate, so the majority of the cars are typically not on the premises on any given day. Brodsky Decl., ¶11. As such, the HFC Financed Vehicles are often not in the Defendant Borrowers' possession, so their exact locations at any given time is unknown to not only Plaintiff, but to Defendant Borrowers as well. *Id.* This only further increases the risk of loss to Plaintiff's collateral.

In sum, the HFC Financed Vehicles – Plaintiff's collateral for the loans and very likely the only way that Plaintiff's will be repaid – are being used, relentlessly, on nearly a daily basis by not just Defendant Borrowers but also third parties. This is not typical wear and tear, but an accelerated deterioration that far exceeds a modest monthly depreciation. Given the Defendant Borrower's defaults, Plaintiff is the only party with a real reason to care about the preservation of Plaintiff's collateral. Brodsky Decl., ¶¶8-10.

## B.   Receivership is the Only Adequate Legal Remedy.

The HFC Financed Vehicles are Plaintiff's only likely source of recovery in this case and they should be preserved for the benefit of all parties – not allowed to remain in the hands of defaulting borrowers, who have flatly refused to return the HFC Financed Vehicles (let alone pay their loan obligations) and have not informed Plaintiff of the cars' whereabouts. A receiver is the only solution under these circumstances. See Brodsky Decl., ¶¶11-13.

Because the HFC Financed Vehicles are rented to Defendant Borrowers' customers, protecting and recovering the vehicles without a receiver is virtually

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR
ORDER APPOINTING TEMPORARY RECEIVER

Case No. 2:23-cv-07744-GW-AGR

impossible for the simple reason that their whereabouts are unknown at any given time. Rental cars generally have an 80% utilization rate, so the majority of the cars are typically not on the premises on any given day. Brodsky Decl., ¶11. When in use, Defendant Borrowers have no real way of knowing where their customers have taken the rental cars. But even if they did know, Defendant Borrowers have refused to tell Plaintiff.  Brodsky Decl., ¶6.

When the HFC Financed Vehicles are in the Defendant Borrowers' possession, they are stored on private parking lots.  This makes repossessing the vehicles nearly impossible, especially given the increased security measures and physical barriers on rental car lots. Brodsky Decl., ¶12. Repossession agents do not have permission to go on the property (if access is even possible), and they are often threatened with trespass or other objection.  Given this hurdle, the repossession agent would need to both locate each of the HFC Financed Vehicles on a public street and also wait for each one to be unoccupied. *Id*. This requires the repossession agent to stake out the 55 HFC Financed Vehicles – which are constantly being rented to third parties and are commingled with the rest of the Defendant Borrowers' fleet. *Id*. Such an endeavor here is infeasible.

Given Defendant Borrowers' refusal to pay their loan obligations and turn over the cars and given the infeasibility of repossession, the only practical way to recover the HFC Financed Vehicles is by the appointment of a receiver who will have nationwide powers and access to a staff and resources who can arrange for the recovery and marshalling of the HFC Financed Vehicles. Brodsky Decl., ¶13. A receiver will be able to locate and assemble the HFC Financed Vehicles and review Defendant Borrowers' records to assist him or her in locating, repossessing, and liquidating the HFC Financed Vehicles. *Id*. A receiver will also be able to make arrangements with landlords where the HFC Financed Vehicles may be stored or dropped off by customers (including airports or mechanics) to assure that the HFC

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER APPOINTING TEMPORARY RECEIVER**                Case No. 2:23-cv-07744-GW-AGR

Financed Vehicles are released so that they may be immediately sold. *Id.*

## III.    **CONCLUSION**

Absent this Court's intervention, Plaintiff's sole source of security on its loan to Defendant Borrowers will be at risk of loss and/or greatly diminished. Defendant Borrowers expressly agreed to the appointment of a receiver when they agreed to the loan. Now that they are in default, not only do Defendant Borrowers refuse to meet their payment obligations, but also admit they will not give back the HFC Financed Vehicles. Under the unique circumstances at bar – 55 separate items of collateral that are not only mobile, but are also in unknown locations, in unknown condition, and in the hands of unknown third parties (car rental customers) – the Court should grant the relief requested and appoint a receiver.


DATED: October 5, 2023            BUCHALTER
                                  A Professional Corporation


                                  By:   */s/ David E. Mark*
                                       JEFFREY S. WRUBLE
                                       WILLIAM S. BRODY
                                       DAVID E. MARK
                                       MARY ANCY PENDERGRASS
                                       Attorneys For Plaintiff
                                       HFC ACCEPTANCE, LLC

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR
ORDER APPOINTING TEMPORARY RECEIVER**          Case No. 2:23-cv-07744-GW-AGR

## PROOF OF SERVICE

*HFC Acceptance, LLC, etc. v. AEZ Rent A Car LLC, etc., et al.*
U.S.D.C. Case No. 2:23-cv-07744-DDP-AGR

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, CA  90017-1730.  My email address is larias@buchalter.com.

On the date set forth below, I served the foregoing document described as:

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR: (1) ORDER APPOINTING TEMPORARY RECEIVER AND ORDER TO SHOW CAUSE WHY A PERMANENT RECEIVER SHOULD NOT BE APPOINTED, AND (2) TEMPORARY RESTRAINING ORDER IN AID OF RECEIVER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION IN AID OF RECEIVER SHOULD NOT BE ISSUED**

on all other parties and/or their attorney(s) of record to this action by ☐ faxing, ☒ emailing and/or ☐ placing a true copy thereof in a sealed envelope as follows:

### *SEE ATTACHED SERVICE LIST*

☑      **BY EMAIL**  On October 5, 2023, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on October 5, 2023, at Los Angeles, California.

| Loretta E. Arias | */s/ Loretta E. Arias* |
|---|---|
| | (Signature) |

## SERVICE LIST

Dean Boyer
Lake Success Office
3 Dakota Drive Suite 300
Lake Success, New York 11042
516-328-2300
DBoyer@Abramslaw.com

Attorney for AEZ Rent A Car and
Yitzchok Birnhack

Yitzchok M. Birnhack, Sole Owner
ICR Group LLC
199 Lee Avenue, Suite 675,
Brooklyn, NY, United States, 11211
Phone: 347-409-8300
Email: isaacbirn@gmail.com

Yitzchok M. Birnhack, Sole Owner
JHRC Corp
5314 16th Avenue Suite 202,
Brooklyn, NY, United States, 11204
Phone: 347-409-8300
Email: isaacbirn@gmail.com

Yitzchok M. Birnhack, Sole Owner
The Bar, LLC
199 Lee Avenue, Suite 675,
Brooklyn, NY, United States, 11211
Phone: 347-409-8300
Email: isaacbirn@gmail.com

Yitzchok M. Birnhack, Sole Owner
WCR Group, LLC
5314 16th Avenue Suite 202,
Brooklyn, NY, United States, 11204
Phone: 347-409-8300
Email: isaacbirn@gmail.com

Yitzchok M. Birnhack, Sole Owner
YTS Group, LLC
199 Lee Avenue, Suite 675,
Brooklyn, NY, United States, 11211
Phone: 347-409-8300
Email: isaacbirn@gmail.com

Niv V. Davidovich
Davidovich Stein Law Group, LLP
6442 Coldwater Canyon Avenue Suite
209 North Hollywood, CA 91606
Phone:  818- 61-2420
Email: niv@davidovichlaw.com