NIV V. DAVIDOVICH, ESQ. (State Bar No. 247328)
CHARLIE Z. STEIN, ESQ. (State Bar No. 265321)
EDMUND J. SHERMAN, ESQ. (State Bar No. 155768)
**DAVIDOVICH STEIN LAW GROUP LLP**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Telephone:   (818) 661-2420
Facsimile:    (818) 301-5131
E-Mail(s):    niv@davidovichlaw.com
              charlie@davidovichlaw.com
              ed@davidovichlaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HFC ACCEPTANCE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AEZ Rent a Car, LLC, a New York limited liability company; ICR Group, LLC, a New York limited liability company; JHRC Corp., a New York corporation; The Bar, LLC, a New York limited liability company; WCR Group, LLC, a New York limited liability company; Yitzchok M. Birnhack, an individual,<br><br>Defendants. | Case No.: 2:23-cv-07744-GW-AGR<br><br>Assigned to: Hon. George Wu<br><br>Magistrate Judge: Hon. Alicia G. Rosenberg<br><br>**DEFENDANTS OPPOSITION TO**<br><br>**(1) ORDER APPOINTING TEMPORARY RECEIVER AND ORDER TO SHOW CAUSE WHY A PERMANENT RECEIVER SHOULD NOT BE APPOINTED, AND**<br><br>**(2) TEMPORARY RESTRAINING ORDER IN AID OF RECEIVER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION IN AID OF RECEIVER SHOULD NOT BE ISSUED** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**COMES NOW DEFENDANTS AEZ Rent A Car, Llc, a New York Limited Liability Company; ICR Group, LLC, a New York limited liability company; JHRC Corp., a New York corporation; The Bar, LLC, a New York limited liability company; WCR Group, LLC, a New York limited liability company; and Yitzchok M. Birnhack, and individual, and file the following opposition to Plaintiff's Ex-Parte Application.**

## I.     INTRODUCTION

The instant action involves an alleged breach by defendants of a Master Fleet Financing Agreement ("Financing Agreement") and a Commercial Security Agreement ("Security Agreement"), pursuant to which Plaintiff was the secured lender, and defendants collectively are borrowers. (Complaint ¶¶14, 16-17; Declaration of Jeffrey Brodsky [Brodsky Decl.] ¶5.) The personal property collateral securing the loan is allegedly 55 rental cars purchased by the defendants. (Complaint ¶¶14, 16-19; Brodsky Decl. ¶¶5-7.) Plaintiff allegedly perfected its security interest lending agreement for the financing of rental car vehicles in the State of New York. (Complaint ¶¶9-10; Brodsky Decl. ¶¶9-10.). The Complaint was filed on September 15, 2023 after alleged breaches of contract which allegedly began in early May, 2023, five months before the instant Complaint was filed. (Complaint ¶21; Brodsky Decl. ¶12.)

The Complaint alleges that defendants, all New York corporations or limited liability companies, entered into the agreements and defaulted with regard to payments owed in May, 2023. (*Id*.) The Complaint alleges that the vehicles that are the alleged collateral for the alleged loans are in New York and New Jersey, being operated by Defendants in the regular course of their business. (Complaint ¶14.)

///

The case docket indicates that Plaintiff filed an Ex-Parte Application for the Appointment of a Receiver on September 21, 2023, and according to a proof of service filed in this matter, Defendants were served with the Complaint on that date by overnight delivery. However, as Defendants are New York entities and operate on the east coast, Defendants did not have California counsel at the time of the alleged service of the Complaint, and only recently obtained California counsel.

The Ex-parte Application was taken up by the Court on October 3, 2023, and was denied. As the Court noted in denying the Application for ex-parte relief, the instant action involves not only Plaintiff seeking the extraordinary remedy of appointment of a Receiver as a prejudgment remedy in connection with a standard breach of contract action, but also the further extraordinary request to be granted appointment of a Receiver on an Ex-Parte basis.

In denying the Ex-Parte Application, the Court gave Plaintiff an opportunity to provide supplemental briefing, due by October 5, 2023, as to its claim that there is "imminent danger" of loss as to the vehicle collateral, and "inadequate legal remedies" other than the appointment of a Receiver. The Court granted Defendants the opportunity to file a Brief, by October 10, 2023 as to why a temporary Receiver should not be appointed.

After filing its supplemental briefing, Plaintiff has failed to present a basis for granting the requested relief on an ex-parte basis, or at all. Defendants hereby submit their brief as to why the appointment of a Temporary Receiver should be denied.

## II. **PLAINTIFF HAS FAILED TO ESTABLISH A BASIS FOR EX-PARTE APPOINTMENT OF A RECEIVER OR FOR A TEMPORARY RESTRAINING ORDER IN AID OF RECEIVER**

The Complaint and Ex-Parte Application allege a payment default on the There are no allegations in the Complaint, nor any factual assertions set forth in either the Ex-Parte Application or in Plaintiff's supplemental briefing, that

1 defendants have concealed, transferred, sequestered, damaged,

2     An ex parte application must show why the moving party should be allowed
3 to "go to the head of the line in front of all other litigants and receive special
4 treatment." (*Mission Power Engineering Co. v. Continental Cas. Co*. 883 F.Supp.
5 488, 492 (CD Cal. 1995). In order to establish grounds for ex-parte relief, a
6 moving party must establish that the moving party's cause will be irreparably
7 prejudiced if the underlying motion is heard according to regular noticed motion
8 procedures. (*Id*.) Second, it must be established that the moving party is without
9 fault in creating the crisis or that the crisis occurred as a result of excusable neglect.
10 (*Id*.)

11     The Courts have held that in the rare cases in which good cause for an ex-
12 parte application is shown, such applications may be proper only when a real
13 emergency exists, threatening immediate and irreparable injury before the adverse
14 party can be heard in opposition; or there is danger that, if given notice, the
15 opposing party will flee or destroy evidence or hide assets; or certain routine orders
16 where the other side has been served with the application, such as seeking to file an
17 overlong brief or to shorten the time within which a motion may be brought (*In re
18 Intermagnetics America, Inc*, 101 B.R. 191 (CD Cal. 1989). The instant Ex-Parte
19 Application does not meet the above criteria.

20     Despite Plaintiff's assertions, there is no emergency or other justification to
21 grant the extraordinary remedy being sought, the appointment of a Receiver, on an
22 Ex-Parte basis. The Declaration of Jeffrey Brodsky filed in support of the Ex-Parte
23 Application for a Receiver failed to set forth any evidence that any of the vehicle
24 collateral is being sequestered, transferred, hidden, or used in any abnormal
25 manner, nor did the Brodsky Declaration set forth any threats that the vehicle
26 collateral will be sequestered, transferred, hidden, or used in any manner other than
27 the normal manner of defendants' business. The Brodsky Declaration failed to set
28 forth any facts as to any defendant "fleeing" or destroying evidence or assets. The

1 Brodsky Declaration described defendants operating their normal business as to
2 renting out vehicles. `

3     The Brodsky Declaration also fails to describe any immediate or irreparable
4 injury that would occur if this matter was not heard on regular noticed motion. The
5 only "harm" that Plaintiff asserts is the alleged depreciation of the vehicle
6 collateral, which is a normal circumstance with any form of equipment collateral.
7 Would the mere depreciation of equipment collateral be considered "irreparable
8 harm" to a creditor, courts would regularly be required to grant relief to appoint
9 Receivers to take possession of such equipment regularly and as a matter of course
10 (which is not what occurs), rather than being granted only in rare and exceptional
11 circumstances, as is the actual frequency with which courts grant this extreme
12 relief. Thus, this claim of "depreciation" does not pass muster.

13     The Supplemental Brodsky Declaration filed in support of the currently
14 pending Ex-Parte Application also fails to set forth any facts to support the
15 existence of any "imminent danger" of alleged loss of the vehicles, or "irreparable
16 harm." The Supplemental Brodsky Declaration sets forth no new facts as to any of
17 the vehicle collateral being sequestered, transferred, hidden, or misused in any
18 manner. The Supplemental Brodsky Declaration states that the vehicles, when not
19 being driven, are stored on a private lot, which is certainly not supportive that the
20 vehicles are being hidden, sequestered, or deliberately being placed out of the reach
21 of a creditor. (Supplemental Brodsky Decl. ¶12.) It could not possibly be expected
22 that a fleet of rental cars could be stored at a public parking lot, which is intended
23 for the use of the public on a short term basis and is subject to hourly rates and
24 closing times, or that the rental cars could or should be stored on the street, where
25 they could be subject to being hit, vandalized, stolen, or the weather elements. The
26 mere storage of vehicles in a private parking lot fails to establish that the collateral
27 is in imminent danger of being lost, taken, hidden or destroyed.
28 ///

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

The Supplemental Brodsky Declaration also sets forth the same basis of alleged "depreciation" of the vehicles as the basis of Plaintiff's alleged harm, as did his original Declaration, which has already been determined to not establish irreparable injury or loss of the vehicles for ex-parte purposes. With regard to the alleged "depreciation" of the rental cars, the Supplemental Brodsky Declaration asserts, with no factual support, that "rental cars are inherently used differently than personal cars." (Brodsky Suppl Decl. ¶9). Also with no factual support, Mr. Brodsky asserts that people use rental cars for "longer trips resulting in a massive amount of mileage as opposed to individually owned cars." (*Id*.) Mr. Brodsky further states, with no factual support, that "Customers also do not treat rental cars with the same care as they would their own vehicles." Mr. Brodsky fails to set forth any study, data, report, or any form of research evidence in support of any of these "urban myths" regarding rental cars.

The Supplemental Brodsky Declaration also sets forth, with no factual support, such assertions that when borrowers are unable to make payments, they also do not perform maintenance and repairs on the vehicles. (*Id*. at 10.) Once again, Mr. Brodsky fails to set forth any factual basis for these assertions, nor any evidence that defendants in the instant case are not making repairs or performing maintenance on the vehicles. These assertions are nothing more than speculation on the part of Mr. Brodsky.

The Supplemental Brodsky Declaration asserts that when he spoke with Mr. Birnhak in August, Mr. Birnhak did not respond to Mr. Brodsky's question as to where the vehicles were located. (Brodsky Decl. ¶6.) Even assuming that this is true, the purported failure to answer does not establish that the vehicles are being hidden, sequestered, transferred, or damaged, or that any irreparable harm is being suffered by Plaintiff. In fact, the assertions by Mr. Brodsky, set forth in both his initial Declaration and again in his Supplemental Declaration, that when not being rented out the vehicles are stored on "private parking lots," is contradictory to the

assertion that the Plaintiff is not aware of where the vehicles are, when not being rented out. With regard to a vehicle that is rented out, Mr. Birnhak would not know where the vehicle is at that particular moment, and thus could not answer such a question.

In summary, the Supplemental Brodsky Declaration fails to present any further facts or evidence as to imminent risk of irreparable harm or loss of collateral.

### III. PLAINTIFF'S EX-PARTE PETITION AND THE SUPPLEMENTAL BRODSKY DECLARATION FAILS TO ESTABLISH THE LACK OF OTHER LEGAL REMEDIES AVAILABLE TO PLAINTIFF

The Supplemental Brodsky Declaration references the legal remedy of repossession of the vehicles, which he discusses in the form of what appears to be a "self-help" repossession undertaken by a repossession agent. (Brodsky Decl. ¶¶ 12, 14.) Mr. Brodsky then concludes, without support, that repossessing the vehicle collateral is "infeasible," and therefore a Receiver should be appointed. (Brodsky Decl. ¶12.) However, Plaintiff fails to establish that any of the claimed practical difficulties with regard to repossessing a rental car are any different than repossessing a car owned or leased by any other business borrower or lessee, or a consumer borrower or lessee. A business borrower or consumer borrower can, and often does, park their vehicle on private property. To what destinations and where a business borrower or consumer borrower drives a vehicle is not known to someone trying to repossess a car. A business borrower or consumer borrower may allow a third party to drive their vehicles. A business borrower or a consumer borrower may not cooperate with the secured lender with regard to recovery of the collateral. None of these normal, practical realities as to repossessing collateral, and in particular vehicle collateral, give rise to the extraordinary remedy of appointment of a Receiver.

///

     Even more glaringly, Plaintiff has completely failed to pursue, or even mention, the remedy of replevin available to Plaintiff in the states of New York and New Jersey. Rather than instituting an action in New York, where defendants are allegedly domiciled and do business, and where the vehicles are located, or New Jersey where vehicles are allegedly located, for the breach of the breach of the Financing Agreement and Security Agreement and recovery of the vehicle collateral, Plaintiff has filed the instant Complaint in Federal Court in the State of California, based on diversity jurisdiction. Plaintiff has presumably done this so as to cause Defendants, out of state borrowers, to have to obtain California counsel and litigate this matter thousands of miles from their home. In doing so, however, Plaintiff has chosen a course of action that inexorably leads to overreaching in seeking the extraordinary prejudgment remedy of an Ex-Parte Receiver, rather than pursuing the legal remedy of replevin.

     Having set the judicial stage in Federal Court in California, regarding collateral that is alleged to be in New York and New Jersey, Plaintiff has deliberately, and without good cause, placed itself in a position to not seek, or not be able to seek, the most basic remedy available to a secured creditor who claims to be entitled to recovery of personal property collateral after a default in loan payments, the remedy of replevin. This is a matter of Plaintiff's choosing, but it cannot substitute for its decision to not pursue the appropriate remedy of replevin, according to the law where the collateral is located.

///
///
///
///
///
///
///

-8-

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request the Court deny the Ex-Parte Application. To the extent that Plaintiff wishes to continue to pursue the relief sought herein, Plaintiff should be required to pursue the instant relief only by way of a properly filed and served noticed motion, according to the rules and requirements of this Court.

Respectfully submitted,

DATED: October 10, 2023        **DAVIDOVICH STEIN LAW GROUP LLP**

By: /s/ Niv V. Davidovich
   NIV V. DAVIDOVICH
   CHARLIE Z. STEIN
   EDMUND J. SHERMAN

# PROOF OF SERVICE

*HFC Acceptance, LLC, etc. v. AEZ Rent A Car LLC, etc., et al.*
U.S.D.C. Case No. 2:23-cv-07744-DDP-AGR

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 6442 Coldwater Canyon Avenue, Suite 209 – North Hollywood, California 91606.

On October 10, 2023, I served, in the manner indicated below, the foregoing document described as

**OPPOSITION TO EX-PARTE APPLICATION**

on the interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

| | |
|---|---|
| ☐ | **VIA PERSONAL SERVICE:** I caused such envelope(s) to be delivered **by hand** to the above address(es) listed on this page or the attached service list. |
| ☐ | **VIA UNITED STATES POSTAL SERVICE:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively as follows:<br>☐ VIA FIRST-CLASS MAIL (*Code of Civil Procedure* §§1013 and 1013(a))<br>☐ VIA EXPRESS MAIL OR OTHER OVERNIGHT DELIVERY SERVICE (*Code of Civil Procedure* §§1013(c) and (d))<br>☐ VIA CERTIFIED MAIL (*Code of Civil Procedure* §§1013 and 1013(a)) |
| ☐ | **VIA FACSIMILE TRANSMISSION:** (*Code of Civil Procedure* §§1013(e) and (f)): from facsimile number: 818.301.5131 to the facsimile number(s) listed on the attached service list. The facsimile machine I used complied with *California Rules of Court*, Rule 2.306 and no error was reported by the machine. |
| ☐ | **COURTESY COPY VIA ELECTRONIC MAIL:** I caused the Document(s) to be sent to the person(s) at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is: Sharon@DavidovichLaw.com. |
| ☐ | **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I caused the Document(s) to be sent to the person(s) at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is: Sharon@DavidovichLaw.com. A copy of the sent e-mail will be maintained with the original document(s) in our office. (*Code of Civil Procedure* §1010.6 and *California Rules of Court*, Rule 2.251.) |
| ☒ | **VIA ELECTRONIC FILING SERVICE:** Complying with *Code of Civil Procedure* §1010.6, my electronic business address is: Sharon@DavidovichLaw.com and I caused such document(s) to be electronically served to those parties on the attached Service List maintained on its website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office. |
| ☐ | **VIA SHAREFILE:** Complying with *Code of Civil Procedure* §1010.6(a)(1)(c), I caused an electronic notice to be sent to the person(s) at the e-mail address(es) listed |

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

on the attached Service List. This notice contained a secure link that permits the person(s) individual access to download the above-listed document(s). Notification is provided via counsel's secure ShareFile system's administrative e-mail account, A copy of the sent e-mail will be maintained with the document(s) in our office. (*Code of Civil Procedure* §1010.6 and *California Rules of Court*, Rule 2.251.) I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. This link will expire after 60 days and access will no longer be permitted to the document(s). Pursuant to *Code of Civil Procedure* §1010.6(a)(2), the party(ies) have agreed to receive electronic service via this method.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 10, 2023, in North Hollywood, California.

SHARON CUNNINGHAM

# PROOF OF SERVICE – SERVICE LIST

*HFC Acceptance, LLC, etc. v. AEZ Rent A Car LLC, etc., et al.*
U.S.D.C. Case No. 2:23-cv-07744-DDP-AGR

| | |
|---|---|
| Jeffrey S. Wruble, Esq.<br>Email: jwruble@buchalter.com<br>William S. Brody, Esq.<br>Email: wbrody@buchalter.com<br>David E. Mark, Esq.<br>Email: dmark@buchalter.com<br>Shir Davidovicz, Esq.<br>Email: sdavidovicz@buchalter.com<br>Mary Ancy Pendergrass, Esq.<br>mpendergrass@buchalter.com B<br>BUCHALTER, A Professional Corporation<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017-2457<br>Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400 | Attorneys for Plaintiff, HFC ACCEPTANCE, LLC |

OPPOSITION TO EX-PARTE APPLICATION