JEFFREY S. WRUBLE (SBN: 94734)
Email: jwruble@buchalter.com
WILLIAM S. BRODY (SBN: 136136)
Email: wbrody@buchalter.com
DAVID E. MARK (SBN: 247283)
Email: dmark@buchalter.com
MARY ANCY PENDERGRASS (SBN: 252705)
Email: mpendergrass@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff, HFC ACCEPTANCE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HFC ACCEPTANCE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AEZ Rent A Car LLC, a New York limited liability company;<br>ICR Group LLC, a New York limited liability company;<br>JHRC Corp, a New York corporation;<br>The Bar, LLC, a New York limited liability company;<br>WCR Group, LLC, a New York limited liability company;<br>YTS Group, LLC, a New York limited liability company;<br>Yitzchok M. Birnhack, an individual domiciled in New York,<br><br>Defendants. | **Case No: 2:23-cv-07744-DDP-AGR**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF:**<br><br>**(1) ORDER APPOINTING A PERMANENT RECEIVER; AND**<br><br>**(2) A PRELIMINARY INJUNCTION IN AID OF RECEIVER.**<br><br>Date: November 16, 2023<br>Time: 8:30 a.m. |

BN 79502362V1

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER APPOINTING PERMANENT RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER**

Case No. 2:23-cv-07744-GW-AGR

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff HFC Acceptance, LLC ("Plaintiff") hereby submits its Supplemental Memorandum of Points and Authorities in Support of: (1) Order Appointing a Permanent Receiver and (2) Issuance of a Preliminary Injunction in Aid of Receiver.

## I.    INTRODUCTION

Plaintiff respectfully requests that the Court appoint a receiver and issue a preliminary injunction.

1. <u>A Receiver is the Only Practical Solution</u>. A receiver is the only efficient, economical, and practical remedy in this situation. Replevin, on the other hand, is essentially a process used to regain possession of property that would otherwise involve the breach of the peace (i.e., a car in a locked garage). Replevin requires more lawsuits in various states, more lawyers and hearings, and ultimately numerous law enforcement personnel to attempt to seize each vehicle, which might otherwise be impossible because the vehicles are rented and driven by third party consumers. Because the location of any vehicle at any given time is always changing and unknown to Plaintiff, it would be a virtual impossibility to enforce a seizure order with respect to a particular vehicle at a particular location at a particular moment in time.

2. <u>The Receiver Is Disinterested and Independent</u>. The person proposed as the receiver, Bradley D. Sharp, is an independent professional who is associated with Development Specialist, Inc. ("DSI"), an independent national financial consulting firm with no affiliation to Plaintiff or its counsel.

3. <u>The Scope of the Receivership Is Specifically Limited to Only the HFC Vehicles</u>. The only assets of the proposed receivership estate would be the HFC Financed Vehicles, and no other vehicles or assets of Defendant Borrowers. The receiver will <u>not</u> be involved in operating Defendant Borrowers' businesses or managing or taking possession of Defendant Borrowers' other vehicles and assets.

BN 79502362V1

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ORDER APPOINTING
PERMANENT RECEIVER AND PRELIMINARY INJUNCTION IN AID
OF RECEIVER

Case No. 2:23-cv-07744-GW-AGR

4. <u>Plaintiff Has a Valid Claim and Defendant Borrowers Are in Default</u>. Plaintiff has submitted uncontroverted evidence of the debt and perfected security interest in the HFC Financed Vehicles and Defendant Borrowers' default under the Loan Documents. Defendant Borrowers, on the other hand, have not submitted any evidence, and have not contested their failure to make the full monthly payments, their defaults, or their obligations.

5. <u>Defendant Borrowers Have Not Made Any Payments Since the Payment Default</u>. Although select HFC Financed Vehicles have been sold, the proceeds from those two sales are proceeds of collateral and not loan "payments" due under the Loan Documents.

6. <u>Defendants Have Failed to Deliver the HFC Vehicles and Have Concealed the HFC Vehicles</u>. Defendant Borrowers refused to provide any information and have failed to return calls.

Because of the nature of the collateral – 55 motor vehicles that are mobile and possessed by unknown consumers or concealed by Defendant Borrowers in unknown locations and in unknown condition, the Court should appoint a receiver.

## II. **A RECEIVERSHIP IS THE EFFICIENT AND ECONOMICAL REMEDY.**

Replevin is a legal process used to regain possession of property that would otherwise involve the breach of the peace (i.e., a car in a locked garage) and is not applicable or viable in this situation. First, because the HFC Financed Vehicles are disbursed throughout New York and New Jersey (and perhaps elsewhere), Plaintiff would be required to file lawsuits in multiple states where the vehicles might be located. See NY CPLR §§ 7101 – 7112; N.J. Stat. §§ 2B:50-1 – 2B:50-5. In order to prosecute multiple actions, Plaintiff would need to retain separate counsel in each of the states. This inefficient process of more lawsuits and more lawyers would only add significant costs, which would be further obligations owed by Defendants and

BN 79502362V1

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER APPOINTING PERMANENT RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER**

Case No. 2:23-cv-07744-GW-AGR

which would further erode the equity value in the HFC Financed Vehicles securing such obligations.

Further, attempting to effectuate replevin in this situation is a virtual impossibility. The precise location of each vehicle would need to be known in order for such location to be reflected in the seizure order for the Sheriff or Marshall to be able to execute on such order. The HFC Financed Vehicles, however, are rented to and driven by consumers unknown to Plaintiff. At any point in time that the location of an HFC Financed Vehicle is identified, by the time Plaintiff obtains a replevin order based upon such information for execution by law enforcement, the HFC Financed Vehicle would be moved to another location. Plaintiff would have no control over a Sheriff or Marshall, which just adds to the uncertainty of recovering a vehicle, while a receiver would be able to control the date and time of recovering a HFC Financed Vehicle. The process would be nothing more than a Sisyphean task of whack-a-mole.

## III. THE PROPOSED RECEIVER IS INDEPENDENT AND DISINTERESTED.

The person proposed as the receiver, Bradley D. Sharp, is an independent professional who is associated with DSI, an independent national financial consulting firm with no affiliation to Plaintiff or its counsel. [Dkt. 8-3 (Sharp Decl.), ¶ 8.] As set forth in Mr. Sharp's declaration, neither Mr. Sharp nor his company, DSI, have any pre-existing relationship with Plaintiff. *Id.*

A description of Mr. Sharp's credentials, qualifications, and years of experience as a receiver and fiduciary is presented in his declaration and other papers filed in connection with this matter. *Id.* In addition to his experience, Mr. Sharp is proposed as the receiver because his firm has offices and representatives to assist him in California and New York/New Jersey where the vehicles are located.

BN 79502362V1

3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER APPOINTING PERMANENT RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER

Case No. 2:23-cv-07744-GW-AGR

## IV. THE RECEIVERSHIP IS LIMITED AND NARROWLY TAILORED.

The proposed receivership is <u>not</u> to take control of all of Defendant Borrowers' assets or have any involvement in operating or managing Defendant Borrowers' businesses. Instead, the proposed receivership estate is specifically tailored to only include the 55 HFC Financed Vehicles in which Plaintiff is the sole lienholder, and the scope of the receivership narrowly tailored to recover, safeguard, and liquidate the 55 HFC Financed Vehicles. Accordingly, Defendant Borrowers can continue to operate their business with other vehicles completely unaffected by the receivership.

## V. PLAINTIFF HAS A VALID, UNCONTROVERTED CLAIM

One of the factors that a Court considers in appointing a receiver is whether the party has a valid claim. See *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). Plaintiff has demonstrated its valid claim and right to immediate possession of the HFC Financed Vehicles. Plaintiff has provided uncontroverted evidence that just seven months after entering into the Loan Agreement, Defendant Borrowers defaulted under the Loan Documents by, among other acts and failures to act, failing to pay the full amount of the monthly payment due since at least May 2023 and for each month thereafter (now 7 months). [Dkt. 8-1 (Brodsky Decl.), ¶¶ 12-14.]

Moreover, the loan at issue is ***an asset-based loan***. The primary source of repayment in the event of a default is the recovery of and proceeds from the collateral securing the loan. Plaintiff's primary consideration when it decided to make the loan was the ability to recover on its collateral to pay the indebtedness. Absent evidence that Borrower Defendants have any unencumbered assets to recover from or income to pay the debt, a money judgment is illusory.

///

///

///

BN 79502362V1

4

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER APPOINTING PERMANENT RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER

Case No. 2:23-cv-07744-GW-AGR

## VI. NO PAYMENTS HAVE BEEN MADE BY DEFENDANT BORROWERS SINCE THE DEFAULT IN MAY 2023

Since the initial payment default in May 2023, Defendants have made no payments to Plaintiff. Defendant Borrowers have sold two (2) HFC Financed Vehicles after defaulting on the loan. One such vehicle was sold in July 2023 prior to the filing in this action, and Plaintiff received approximately $31,832.50 from that post-default sale. [See the Concurrently filed Supplemental Declaration of Jeff Brodsky ("Supp. Brodsky Decl."), ¶3.] Those vehicle sale proceeds were applied to the indebtedness and are reflected in the total amount of the indebtedness listed in the original Declaration of Jeff Brodsky filed in support of the receivership application. [See Dkt. 8-1, (Brodsky Decl.), ¶¶12-14; Supp. Brodsky Decl., ¶3.] On or about October 31, 2023, Defendant Borrowers sold one additional HFC financed vehicle, from which Plaintiff received approximately $48,968.50.[1] [Supp. Brodsky Decl., ¶4.]

The proceeds from the Post Default Sales are not payments by Defendant Borrowers. The sale proceeds are proceeds of HFC's collateral (HFC Financed Vehicles). Defendants' obligations under the Loan Documents are secured by a security interest granted by Defendant Borrowers in all of the HFC Financed Vehicles. [See Dkt. 8-1, (Brodsky Decl.), ¶¶5-6, Ex. 2.] That means each HFC Financed Vehicle secures the entire indebtedness owed to Plaintiff. For instance, after a default, if an HFC Financed Vehicle is sold and results in net proceeds of $20,000, the entire $20,000 reduces the debt, even though the original amount that was financed with respect to that vehicle (the advance rate) was less (i.e., 85% of the original purchase price of the vehicle). The use of the term "credits" is an accounting description of the amount of proceeds in excess of the remaining principal balance

---

[1] The aforementioned sales of two (2) HFC Financed Vehicles by Defendant Borrowers (in July 2023 and October 2023, respectively) are defined collectively herein as the "Post Default Sales."

BN 79502362V1 5

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER APPOINTING PERMANENT RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER

Case No. 2:23-cv-07744-GW-AGR

that was initially advanced with respect to each vehicle. Accordingly, all of the proceeds of the vehicle – including the amount of proceeds in excess of the remaining principal balance that was advanced – secures the entire debt.

## VII. THE LOCATION OF THE HFC FINANCED VEHICLES ARE UNKNOWN AND BEING CONCEALED.

Plaintiff has submitted uncontroverted evidence that the HFC Financed Vehicles are concealed by Defendant Borrowers. [See Dkt. 20-1 (Brodsky Decl.).] In August, 2023, when Plaintiff's representative spoke with Defendant Yitzchok Birnhack – the owner of Defendant Borrowers – Mr. Birnhack definitively stated that Defendant Borrowers will not return the HFC Financed Vehicles. *Id.* at ¶6. When Plaintiff's representative asked Mr. Birnhack about the location of the HFC Financed Vehicles, Mr. Birnhack did not answer and stopped returning Plaintiff's calls. *Id.* Further, because the HFC Financed Vehicles are used by Defendant Borrowers as rental cars, the locations of those vehicles in the possession of consumers are unknown.

## VIII. ALTERNATIVE PROVISIONAL REMEDY TO A RECEIVER

Although Plaintiff believes that the appointment of a receiver is the only effective and appropriate remedy in this situation, in the event that the Court determines not to make such an appointment, the Court should issue a preliminary injunction requiring Defendant Borrowers to deliver to Plaintiff all of the HFC Financed Vehicles (along with all keys and title documents) by a certain date (e.g., November 30, 2023), and if Defendant Borrowers fail to do so, the receiver is appointed upon a declaration by Plaintiff regarding Defendant Borrowers' failure to comply with the Order without further notice or hearing.

///

///

## IX. CONCLUSION

BN 79502362V1   6
BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER APPOINTING PERMANENT RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER
Case No. 2:23-cv-07744-GW-AGR

The appointment of a neutral receiver to recover, safeguard, and liquidate the HFC Financed Vehicles is the only realistic, economical, and appropriate remedy, without which Plaintiff will suffer real and unjustified harm.

DATED: November 13, 2023

BUCHALTER
A Professional Corporation

By: */s/ David E. Mark*
　　JEFFREY S. WRUBLE
　　WILLIAM S. BRODY
　　DAVID E. MARK
　　MARY ANCY PENDERGRASS
　　Attorneys For Plaintiff
　　HFC ACCEPTANCE, LLC

BN 79502362V1

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

7

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER APPOINTING PERMANENT RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER

Case No. 2:23-cv-07744-GW-AGR