NIV V. DAVIDOVICH, ESQ. (State Bar No. 247328)
CHARLIE Z. STEIN, ESQ. (State Bar No. 265321)
EDMUND J. SHERMAN, ESQ. (State Bar No. 155768)
**DAVIDOVICH STEIN LAW GROUP LLP**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Telephone:  (818) 661-2420
Facsimile:  (818) 301-5131
E-Mail(s):  niv@davidovichlaw.com
            charlie@davidovichlaw.com
            ed@davidovichlaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HFC ACCEPTANCE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AEZ RENT A CAR, LLC, a New York limited liability company; ICR GROUP, LLC, a New York limited liability company; JHRC CORP., a New York corporation; THE BAR, LLC, a New York limited liability company; WCR GROUP, LLC, a New York limited liability company; YITZCHOK M. BIRNHACK, an individual,<br><br>Defendants. | Case No.: 2:23-cv-07744-GW-AGR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF:**<br><br>**(1) ORDER APPOINTING A PERMANENT RECEIVER; AND**<br><br>**(2) A PRELIMINARY INJUNCTION IN AID OF RECEIVER.**<br><br>DATE:  November 16, 2023<br>TIME:  10:30 a.m.<br><br>Assigned to: Hon. George Wu<br>Magistrate Judge: Hon. Alicia G. Rosenberg |

**COME NOW DEFENDANTS** and file the following Response (the "Response") to Plaintiff's Supplemental Memorandum of Points and Authorities ("Plaintiff's Supplemental Brief.")

-0-

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

## I.    INTRODUCTION.

Despite the Court already issuing two tentative rulings denying Plaintiff's Application for the Appointment of a Receiver in this matter, and the Court's advising Plaintiff at the last hearing in this matter that it wanted to focus on possible alternative provisional relief other than a Receivership, in its supplemental brief Plaintiff continues to double down on seeking the appointment of a Receiver.

At the last hearing in this matter, the Court raised the additional points of the cost of a Receivership, and the duplication of efforts by the Receiver which would otherwise be done within a Replevin action, which is the appropriate remedy where a Plaintiff seeks recovery of personal property collateral. Before rendering a final decision, the Court requested additional briefing on an alternate provisional remedy.

Nonetheless, Plaintiff's Supplemental Brief focuses almost entirely on seeking the appointment of a Receiver, and predominantly reiterates the same points previously presented to, and rejected by, the Court. The sole section which addresses the additional information requested by the Court, paragraph VIII of Plaintiff's Supplemental Brief, provides no support in favor of an injunction and is completely devoid of any citations to legal authority. (See Plaintiff's Supplemental Brief, ¶ VIII, p. 6:17-24.)

Defendants provide this Response to: 1) respond to the arguments presented in Plaintiff's Supplemental Brief; 2) reiterate why the receiver is not an appropriate remedy and 2) explain why an injunction is also not an appropriate remedy either.

## II.    RECEIVERSHIP IS NOT THE APPROPRIATE REMEDY.

Defendants respond to the arguments in Plaintiff's Supplemental Brief as follows:

### A.    A Receiver is Not the "Only Practical Solution."

Plaintiff asserts, with no new or different facts, or analysis of law, that a Receiver is "the only practical solution" to recovering its collateral. (Supplemental Brief 1:8-18). However, as the Court has already noted, Plaintiff has failed to establish that it lacks a remedy at law, and that remedy is Replevin. The remedy of Replevin, as it is referred to in most states, and is referred to as "Claim and Delivery" in California, is a statutory

-1-

1 scheme that was created specifically for the recovery of personal property collateral. The

2 Replevin law was not created for only some types of personal property collateral, nor

3 are there exceptions in the Replevin law for vehicle collateral.

4       Replevin law provides for the seizure of personal property by the Sheriff,

5 including in private locations; orders of turnover, injunctive relief as may be necessary,

6 and procedures for compelling a debtor to disclose the location of collateral. New York

7 and New Jersey law provide for prejudgment replevin relief, through Court orders and

8 the law enforcement services of Sheriffs as a levying officer.

9       **B.**     **Receivership is Neither Efficient Nor Economical.**

10       Plaintiff tries to explain how receivership "is the only efficient, economical and

11 practical remedy in this situation." (Plaintiff's Supplemental Brief, p. 1:8-9.) However,

12 as Plaintiff itself points out in the very next sentence, there is also the remedy of

13 Replevin. Plaintiff attempts to discredit the remedy of Replevin by arguing that it

14 "requires more lawsuits in various states, . . . and ultimately more law enforcement

15 personnel to seize each vehicle, which might otherwise be impossible because the

16 vehicles are rented and driven by third party consumers." (Id. at p. 1:11-14.)

17       Regarding the "lawsuits in various states," as Plaintiff admits, the assets at issue

18 are located in New York and New Jersey. . ." (Id. at p. 2:21-24.) Despite recognizing

19 this fact, it was Plaintiff who chose to institute a lawsuit in a federal court in *California*

20 where, as far as Plaintiff knows and contends, ***none of the collateral*** is located. This

21 choice of a forum by Plaintiff cannot now be asserted as a reason to justify the

22 appointment of a Receiver on the grounds of saving "costs" or increased litigation. Both

23 New York and New Jersey provide for the remedy of Replevin, and had this action been

24 instituted in either or both of those states, Plaintiff would not have incurred its attorney

25 fees and costs of litigating in California, and would have been well on its way to

26 recovering its collateral by now, and most likely at *less cost* than it has incurred in this

27 litigation. As a cursory review of the internet shows creditor counsel who practice in

28 both New York and New Jersey are plentiful in those states.

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-2-

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**SUPPLEMENTAL MEMORANDUM OF POINTS AND**
**AUTHORITIES**

1    Plaintiff's other arguments regarding why a Receiver is a more "efficient,

2    economical, and practical" remedy than Replevin are similarly baseless. Plaintiff argues

3    against Replevin by claiming that it will necessitate the involvement of additional law

4    enforcement as well as difficulties in locating the assets. Plaintiff fails to address at all

5    why a Receiver would not have the exact same issues. A Receiver will not have the

6    power to forcibly enter any private, third party location in search of vehicles, and will

7    have to initiate litigation, hire counsel, and employ the resources of law enforcement,

8    essentially pursuing a Replevin action, except at increased cost. If, as Plaintiff claims,

9    locating the assets is a "virtual impossibility," it is unclear how a Receiver would

10   succeed in this impossible task. Lastly, Plaintiff asserts that a Receiver is "disinterested

11   and independent." (Id. at p. 1:19-22.)  However, a sheriff or similar law enforcement

12   levying officer would similarly be disinterested and independent, and would be

13   obligated to carry out the directions of the Court as to seizing collateral.

14   ### C.    The Receivership Is Not Narrowly Tailored Or Limited.

15   Plaintiff also contends that the Receivership they seek is limited and narrowly

16   tailored. (Id. at 1:23-27, 4:2-8.) However, in reviewing Plaintiff's proposed order and

17   the powers Plaintiff seeks to vest in the Receiver, it is clear that the Receivership is not

18   in fact limited or narrowly tailored. Plaintiff seeks expansive powers for the Receiver

19   that would affect Defendants' business, including but not limited to the power to go

20   through all of Defendants' mail, and divert delivery of all of Defendants mail to the

21   Receiver (Proposed Order ¶ 12.); to be given access to all of Defendants computer

22   systems, filing cabinets, and file rooms; (Proposed Order ¶ 14); enter into any building

23   held in the name of Defendants where the vehicles are located with a locksmith, and

24   change locks and/or security codes. (Proposed Order ¶ 13.).

25   Plaintiff acknowledges that Defendants' business consists of many other vehicles

26   other than those financed by Plaintiff. (Declaration of Jerry Brodsky ¶18 [Docket No. 8-

27   1]). Thus the powers sought in the Receivership are very disruptive to Defendants'

28   business, and not limited or narrowly tailored. Despite Plaintiff's claims otherwise, the

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-3-

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**SUPPLEMENTAL MEMORANDUM OF POINTS AND**
**AUTHORITIES**

1  Receivership Plaintiff seeks is highly invasive to Defendants' business, expensive, and

2  goes far beyond the appropriate remedy of Replevin.

3  **D.   Plaintiff has Not Properly Set Forth the Alleged Default.**

4  Plaintiff has not been candid with this Court as to the alleged default on the loan

5  agreement, or as to payments made by Defendants since April 2023. Plaintiff has failed

6  to set forth any ledger of payments made, any running balance of the loan, or any

7  statements, ledger or accounting of any kind as to the loan account. The Declaration of

8  Jerry Brodsky ["Brodsky Declaration"] filed in support of the Ex-Parte Application is

9  confusing, inconsistent, and fails to set forth any schedule of payments, accounting

10  ledger, or balance due. The Brodsky Declaration sets forth a series of amounts in

11  paragraph 12(a), and then sets forth in paragraph 14 that "Defendant Borrowers have

12  failed to pay six full monthly payment installments in the aggregate amount of

13  $1,603,926.59," which is the *entire amount* of the debt as set forth in the Complaint.

14  Plaintiff disingenuously argues that Defendants "have made no payments to

15  Plaintiff." (Id. at 5:3-4.) However, as Plaintiff admits, at least two of the vehicles were

16  sold, and all of the proceeds were paid over to Plaintiff, and Defendants' indebtedness

17  was lowered accordingly. (Id. at 5:5-7, 11-13.) How or why these are not "payments" is

18  unclear and Plaintiff's hair splitting fails to explain why the distinction is even

19  important. Further, as Plaintiff is aware, but is not disclosing to the Court, over $300,000

20  of payments have been made to Plaintiff since April 2023, reducing the principal amount

21  of the alleged obligation by over $300,000.

22  As Plaintiff admits, Defendants' loan was an asset-based loan with the vehicles

23  providing security for the loan. Selling the vehicles and turning over the proceeds in

24  satisfaction of the loan, as Defendants have done in at least two instances, fulfills all of

25  the purposes of an asset-based loan.

26  **E.   Plaintiff Fails Right to Receivership.**

27  As the Court has recognized, "Appointment of a prejudgment receiver is a harsh

28  and time-consuming remedy**.** Statutes, case law, and court rules *require* the party

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-4-

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES

1   requesting a prejudgment receiver to show that the appointment is ***genuinely necessary***,

2   and that ***no less harsh remedy*** (e.g., attachment, ***claim and delivery***, lis pendens or

3   injunction) ***would adequately protect the party's property interest.***" (See Court's

4   Tentative Ruling on Order to Show Cause As to Why a Permanent Receiver Should Not

5   be Appointed Dated November 8, 2023 ["Court's Tentative"] p. 1, citing to *Ahart,*

6   Enforcing Judgments and Debts, California Practice Guide § 4:851-4:854 (the Rutter

7   Group 2023))(emph. added.) The test is not whether receivership is "efficient and

8   economical." In order to be granted a Receivership, the moving party must show that

9   Receivership is ***necessary.*** This requirement is oftentimes couched in the term

10   "irreparable harm." At no time has Plaintiff succeeded in showing the necessity of a

11   receivership due to irreparable injury or imminent harm to the collateral, and Plaintiff's

12   Supplemental Brief is likewise lacking in establishing this threshold requirement. The

13   best Plaintiff can muster is a passing allegation that "a money judgment is illusory" and

14   that they "will suffer real and unjustified harm." (Plaintiff's Supplemental Brief, p. 4:22-

15   24, 7:3.)

16         Plaintiff has failed to establish a basis for the granting of a Receiver. With regard

17   to the material factors set forth in *Canada Life Assur. Co. v. LaPeter*, (2009) 563 F.3d

18   837, Plaintiff failed to establish imminent danger of the collateral being lost, concealed,

19   injured, diminished in value, or squandered; that Plaintiff's legal remedies are

20   inadequate; that there has been any fraud on the part of defendants in seeking the loan;

21   or that Plaintiff will be harmed by not granting the Receivership.  Further, Plaintiff has

22   not been candid with the Court as to its claim in this matter.

23   **III.    AN INJUNCTION IS ALSO NOT APPROPRIATE.**

24         After indicating that a Receivership would not be granted, the Court then

25   contemplated issuing injunctive relief and requested additional briefing. Plaintiff has

26   failed to address the propriety of an injunction. Plaintiff, after setting forth its further

27   unpersuasive arguments for a Receivership, in passing requests an injunction as an

28   alternative fallback position but provides no legal support for this request.

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

1   However, a federal injunction is not appropriate because: 1) there is no irreparable

2   injury, 2) the law is clear that injunction is not available where claim and delivery is

3   available and sought, and 3) facts in the instant case are distinguishable from case law

4   in which an injunction has been granted.

5   **A.     There is No Irreparable Injury.**

6   In order for a federal injunction to be granted, "the moving party must

7   demonstrate ***both*** a likelihood of success on the merits and the probability of irreparable

8   harm if relief is not granted…" (*Hoxworth v. Blinder, Robinson & Co*., (1990) 903 F.2d

9   186, 197)(emph. added.) *Hoxworth* has been adopted as the standard in the Ninth Circuit.

10  (*In re Est. of Ferdinand Marcos, Hum. Rts. Litig.*, (1994) 25 F.3d 1467, 1480.) The

11  preliminary injunction cannot be sustained, "where either or both of these prerequisites

12  are absent." (*Hoxworth, supra*, 903 F.2d at 197.) As discussed above with regards to a

13  Receivership, the Court has already considered whether Plaintiff will suffer irreparable

14  harm and has concluded that Plaintiff will not. As such, this threshold requirement is not

15  met with regards to an injunction either.

16  **B.     Claim and Delivery is Plaintiff's Sole Available Remedy.**

17  "In general, claim and delivery is the proper remedy for repossessing personal

18  property. Thus, where title to personal property is in dispute, courts ***will not issue a***

19  ***preliminary injunction to change possession of property pending trial.***" (Weil, *Cal.*

20  *Prac. Guide Civ. Pro. Before Trial*, *California Practice Guide* § 9:504.2 (the Rutter

21  Group 2023) (emph. added.) The Practice Guide cites to *Simms v. NPCK Enterprises,*

22  *Inc.* (2003) 109 CA4th 233, which held that "[t]he claim and delivery law provides a

23  ***complete prejudgment remedy*** to recover possession of personal property. ***It has been***

24  ***carefully crafted to meet constitutional requirements***." (Id. at 242-43)(emph. added.)

25  A federal court sitting in diversity must apply the law of the state in which it sits.

26  (Fed. Rules Civ. Proc. 64.) California law specifically considers whether an injunction

27  is available where claim and delivery is sought, as it is here, and have concluded that

28  claim and delivery represents the "complete prejudgment remedy available." (*Simms,*

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

1 *supra,* 109 CA4th at 242-43.) The Court's proposal of a positive injunction which would

2 require Defendants to turn over the assets would sidestep the prejudgment remedy

3 provided for in California which, as the *Simms* Court noted, was "carefully crafted" in

4 order to meet constitutional requirements." (*Simms, supra,* 109 CA4th at 242-43.)

5 **C.      Cases Recognizing a Preliminary Injunction are Distinguishable.**

6 While relevant case law has not gone so far as to completely bar a preliminary

7 injunction to protect a potential future damages remedy, this type of injunction "must be

8 reserved for extraordinary circumstances." (*Hoxworth, supra,* 903 F.2d at 189.) For

9 instance, *Hoxworth,* involved a debtor that was making itself insolvent and actively

10 transferring assets from New York to banks in Hong Kong. (Id. at 192.) In the instant

11 matter, there are no allegations of Defendants' insolvency, and the only transfers of any

12 assets are the two sales of vehicles mentioned above, which were approved by Plaintiff

13 and from which all proceeds were paid to Plaintiff. Lastly and most significantly,

14 *Hoxworth* did not involve claim and delivery, as the instant matter does.

15 **IV.      CONCLUSION.**

16 Based on the foregoing, Defendants respectfully request that the Court deny

17 Plaintiff's ex parte application to appoint a temporary or permanent Receiver.

18

19                                          Respectfully submitted,

20 DATED: November 14, 2023          **DAVIDOVICH STEIN LAW GROUP LLP**

21

22                                   By: /s/ Niv V. Davidovich
                                         NIV V.  DAVIDOVICH
23                                       CHARLIE Z. STEIN
                                         EDMUND J. SHERMAN
24

25

26

27

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

**PROOF OF SERVICE**

*HFC Acceptance, LLC, etc. v. AEZ Rent A Car LLC, etc., et al.*
U.S.D.C. Case No. 2:23-cv-07744-DDP-AGR

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 6442 Coldwater Canyon Avenue, Suite 209 – North Hollywood, California 91606.

On November 14, 2023, I served, in the manner indicated below, the foregoing document described as

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF: (1) ORDER APPOINTING A PERMANENT RECEIVER; AND (2) A PRELIMINARY INJUNCTION IN AID OF RECEIVER.**

on the interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ **VIA PERSONAL SERVICE:** I caused such envelope(s) to be delivered **by hand** to the above address(es) listed on this page or the attached service list.

☐ **VIA UNITED STATES POSTAL SERVICE:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively as follows:
   ☐ VIA FIRST-CLASS MAIL (*Code of Civil Procedure* §§1013 and 1013(a))
   ☐ VIA EXPRESS MAIL OR OTHER OVERNIGHT DELIVERY SERVICE (*Code of Civil Procedure* §§1013(c) and (d))
   ☐ VIA CERTIFIED MAIL (*Code of Civil Procedure* §§1013 and 1013(a))

☐ **VIA FACSIMILE TRANSMISSION:** (*Code of Civil Procedure* §§1013(e) and (f)): from facsimile number: 818.301.5131 to the facsimile number(s) listed on the attached service list. The facsimile machine I used complied with *California Rules of Court*, Rule 2.306 and no error was reported by the machine.

☐ **COURTESY COPY VIA ELECTRONIC MAIL:** I caused the Document(s) to be sent to the person(s) at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is: Sharon@DavidovichLaw.com.

☐ **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I caused the Document(s) to be sent to the person(s) at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is: Sharon@DavidovichLaw.com. A copy of the sent e-mail will be maintained with the original document(s) in our office. (*Code of Civil Procedure* §1010.6 and *California Rules of Court*, Rule 2.251.)

☒ **VIA ELECTRONIC FILING SERVICE:** Complying with *Code of Civil Procedure* §1010.6, my electronic business address is: Sharon@DavidovichLaw.com and I caused such document(s) to be electronically served to those parties on the attached Service List maintained on its website for this case. The file transmission was reported as complete and a

-8-

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

| | copy of the Filing/Service Receipt will be maintained with the original document(s) in our office. |
|---|---|
| ☐ | **VIA SHAREFILE:** Complying with *Code of Civil Procedure* §1010.6(a)(1)(c), I caused an electronic notice to be sent to the person(s) at the e-mail address(es) listed on the attached Service List. This notice contained a secure link that permits the person(s) individual access to download the above-listed document(s). Notification is provided via counsel's secure ShareFile system's administrative e-mail account, A copy of the sent e-mail will be maintained with the document(s) in our office. (*Code of Civil Procedure* §1010.6 and *California Rules of Court*, Rule 2.251.) I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. This link will expire after 60 days and access will no longer be permitted to the document(s). Pursuant to *Code of Civil Procedure* §1010.6(a)(2), the party(ies) have agreed to receive electronic service via this method. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 14, 2023, in North Hollywood, California.

SHARON CUNNINGHAM

-9-

**PROOF OF SERVICE – SERVICE LIST**

*HFC Acceptance, LLC, etc. v. AEZ Rent A Car LLC, etc., et al.*
U.S.D.C. Case No. 2:23-cv-07744-DDP-AGR

Jeffrey S. Wruble, Esq.
Email: jwruble@buchalter.com
William S. Brody, Esq.
Email: wbrody@buchalter.com
David E. Mark, Esq.
Email: dmark@buchalter.com
Shir Davidovicz, Esq.
Email: sdavidovicz@buchalter.com
Mary Ancy Pendergrass, Esq.
mpendergrass@buchalter.com B
BUCHALTER, A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff, HFC
ACCEPTANCE, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

-10-

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES