JEFFREY S. WRUBLE (SBN: 94734)
 Email: jwruble@buchalter.com
WILLIAM S. BRODY (SBN: 136136)
 Email: wbrody@buchalter.com
DAVID E. MARK (SBN: 247283)
 Email: dmark@buchalter.com
MARY ANCY PENDERGRASS (SBN: 252705)
 Email: mpendergrass@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017-2457
Telephone: (213)  891-0700
Facsimile:  (213)  896-0400

Attorneys for Plaintiff, HFC ACCEPTANCE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HFC ACCEPTANCE, LLC, a California limited liability company, | **Case No: CV 23-7744-GW-AGRx** |
| Plaintiff, | **ORDER:** |
| v. | **(1) APPOINTING A PERMANENT RECEIVER AGAINST DEFENDANTS, AND** |
| AEZ Rent A Car LLC, a New York limited liability company; ICR Group LLC, a New York limited liability company; JHRC Corp, a New York corporation; The Bar, LLC, a New York limited liability company; WCR Group, LLC, a New York limited liability company; YTS Group, LLC, a New York limited liability company; Yitzchok M. Birnhack, an individual domiciled in New York, | **(2) FOR ISSUANCE OF PERMANENT INJUNCTION IN AID OF RECEIVER** |
| Defendants. | |

BUCHALTER
A Professional Corporation

The Court, having considered the briefing in support of Plaintiff HFC Acceptance, LLC's ("HFC" or "Plaintiff") *Ex Parte* Application for an Order (1) Appointing a Temporary Receiver and Order to Show Cause Why a Permanent Receiver Should Not Be Appointed, and (2) Temporary Restraining Order in Aid of Receiver and Order to Show Cause Why a Preliminary Injunction in Aid of Receiver Should Not Be Issued [Dkt. 8], supplemental briefing and evidence filed by the parties in support and in opposition thereof [Dkt. 20, 21, 42, 44], the pleadings in this action, and the matters raised at the hearings on the application and order to show cause, and for good cause appearing:

## **ORDER APPOINTING RECEIVER**

**IT IS HEREBY ORDERED** that Bradley D. Sharp (the "Receiver") of Development Specialists, Inc. ("DSI"), is hereby appointed permanent receiver 53 motor vehicles financed by Plaintiff identified on **Exhibit 1** attached hereto (the "HFC Financed Vehicles") of Defendants AEZ Rent A Car LLC ("AEZ"); ICR Group LLC, ("ICR"); JHRC Corp ("JHRC"); The Bar, LLC ("The Bar"); WCR Group, LLC ("WCR");  and YTS Group, LLC ("YTS") (together "Borrower Defendants"). The Receiver's contact information is:

> Bradley D. Sharp
> Development Specialists, Inc.
> Wells Fargo Center
> 333 South Grand Avenue, Suite 4100
> Los Angeles, CA 90071-1544
> Tel: (213) 617-2717
> Fax: (213) 617-2718
> Email: bsharp@DSIConsulting.com

**IT IS FURTHER ORDERED** that the Receiver shall have all the usual and customary powers of a receiver with respect to the receivership commencing by this Order (the "Receivership") and the assets that comprise (or will comprise) the receivership estate (the "Receivership Estate"), including: (i) to locate, take immediate possession of, assemble, and safeguard the HFC Financed Vehicles; (ii) to collect all proceeds relating to any sale, rental, lease, or use of any of the HFC

BUCHALTER
A PROFESSIONAL CORPORATION

Financed Vehicles and forward all such proceeds to Plaintiff: (iii) with regard to the HFC Financed Vehicles, to take possession of, assemble, and safeguard all certificates of title, vehicle registrations, insurance policies, documents relating to insurance claims, repair records or any other records relating to the HFC Financed Vehicles (the "HFC Financed Vehicle Documents"), wherever located (including outside the State of California, subject to Plaintiff or the Receiver filing such documents as may be required to enforce this Order in jurisdictions outside California), in order to fully safeguard and protect the HFC Financed Vehicles, as well as the duties and powers enumerated below.

**IT IS FURTHER ORDERED** that:

1.      <u>Plaintiff's Bond</u>:  Plaintiff shall promptly file a surety bond in the amount of $10,000.00 pursuant to Federal Rule of Civil Procedure 65(c).

2.      <u>Receiver's Oath and Bond</u>:  Within three (3) days of this Order, the Receiver shall (i) execute and cause to be filed with this Court a Receiver's Oath and (ii) post a surety bond in the sum of $100,000.00, conditioned on the Receiver's faithful performance of his duties set forth herein.  The Receiver's Oath and Bond shall become effective upon the Court's receipt of same.

3.      <u>Receiver's Duties and Powers</u>:  The Receiver shall have the powers and authority usually held by receivers and reasonably necessary to accomplish the purpose of this Receivership and the safeguarding of the HFC Financed Vehicles, including the following specific powers:

   a.      To take immediate and exclusive possession, custody, and control of the HFC Financed Vehicles.  The Receiver shall preserve, protect, and maintain the HFC Financed Vehicles, and may incur any expenses necessary for this purpose.  All such expenses shall be paid from funds of the Receivership Estate, as further described herein;

   b.      To relocate and store the HFC Financed Vehicles to location(s) under the Receiver's control at the Receiver's discretion;

BN 79373661V8

BUCHALTER
A PROFESSIONAL CORPORATION

**[PROPOSED] ORDER APPOINTING A PERMANENT RECEIVER, ETC.**
**CASE NO: 2:23-CV-07744-GW-AGR**

c.      To the extent Defendants, prior to issuance of this Order, have commenced efforts to sell one or more HFC Financed Vehicles through commercial wholesale liquidators or other customary channels, to take all steps reasonable and necessary to complete such sale(s);

d.      To demand, collect, and receive all payments, proceeds and profits from or relating to the HFC Financed Vehicles, which now or hereafter may be due, including, without limitation, in connection with the liquidation of, monies owing by third parties to Defendants relating to, and claims under or in connection with policies of insurance relating to the HFC Financed Vehicles;

e.      To hire, on a contract basis, attorneys, accountants, employees, and other professionals and personnel necessary to recover, control, and preserve the HFC Financed Vehicles, provided that the Receiver obtains the written consent of Plaintiff, which shall not be unreasonably withheld, and provided that the amount of compensation paid to such attorneys, accountants, and other professionals and personnel is comparable to that charged by similar persons/companies for similar services;

f.      To execute and perform all acts, including without limitation entering into agreements with third parties provided that the Receiver obtains the written consent of Plaintiff, and prepare and sign all documents in the name of Defendants, the Receivership Estate, or in the Receiver's own name, which are necessary or incidental to recovering, preserving, protecting, controlling, and liquidating  the HFC Financed Vehicles, including, without limitation, all motor vehicle powers of attorney;

g.      To prepare the HFC Financed Vehicles in the Receiver's possession, custody, or control for liquidation, and to liquidate the HFC Financed Vehicles, as soon as reasonably practicable, as further described in this Order;

BUCHALTER
A PROFESSIONAL CORPORATION

**[PROPOSED] ORDER APPOINTING A PERMANENT RECEIVER, ETC.**
**CASE NO: 2:23-CV-07744-GW-AGR**

h.      To pay only current expenses associated with the HFC Financed Vehicles incurred by the Receiver subsequent to his appointment, including, without limitation, the Receiver's fees and administrative expenses, with the limitation that the Receiver may not use funds of the Receivership Estate to pay any bills for goods or services contracted for or provided in connection with the HFC Financed Vehicles prior to the date of the Order, unless such payment is reasonably necessary or beneficial to enable the Receiver to continue to preserve, protect, and control the HFC Financed Vehicles as determined by the Receiver in his sole discretion;

i.      To institute and prosecute all suits, or, if such suits have already been filed by Defendants, Birnhack, or a related entity for the benefit of or relating to the rights of Defendants, that the Receiver reasonably believes to be necessary in connection with the recovery, preservation, protection, or control of the HFC Financed Vehicles, and defend all suits as may be instituted with respect to the HFC Financed Vehicles or the Receiver.  The Receiver may also, with respect to such suits, tender same to the appropriate insurance company for prosecution or defense;

j.      To collect and compromise debts of the Receivership Estate as necessary to preserve and protect the Receivership Estate.  The Receiver shall not have the right to compromise the indebtedness owing to Plaintiff;

k.      To receive and endorse checks pertaining to the HFC Financed Vehicles, either in the Receiver's name or in the name of Defendants;

l.      To procure insurance coverage on or relating to the HFC Financed Vehicles.  If there is insufficient insurance coverage on the HFC Financed Vehicles, to procure said insurance within ten (10) days of the entry of this Order, provided the Receiver has funds available to do so; and

m.      To issue subpoenas, conduct and participate in discovery, take depositions, pursue contempt actions, and otherwise pursue all remedies

available by law to ensure compliance with the Receiver's authority granted herein.

4.  <u>Income Tax</u>:  The Receiver shall not be obligated to file any federal or state income tax, returns, schedules, or other forms, which continue to be, directly or indirectly, an obligation of the Defendants.  At the Receiver's discretion, the Receiver may file any federal or state income tax, returns, schedules, or other forms if doing so results in a benefit to the Receivership Estate.

5.  <u>Overhead Expenses of the Receiver</u>:  All fees and expenses incurred by the Receiver, which pertain solely to the Receiver's general office administration or overhead, including, office supplies, employee wages, taxes and benefits, and other charges, shall not be an expense of the Receivership Estate unless incurred directly and solely for the benefit of the Receivership Estate.

6.  <u>Inventory</u>:  Within thirty (30) days after entry of this Order, the Receiver shall file an inventory of all of the HFC Financed Vehicles taken into possession pursuant to this Order.  Notwithstanding the Receiver's obligations to file an inventory with the Court, as noted in the preceding sentence, the Receiver shall notify Plaintiff and its counsel of record within three (3) business days of the Receiver locating or taking possession of any HFC Financed Vehicles, or, if the Receiver attempts but is unable to take possession, of the Receiver's inability to take possession and the reason(s) therefor.

7.  <u>Protection of the HFC Financed Vehicles</u>:  The Receiver shall recover, control, and preserve the HFC Financed Vehicles, including earning and collecting interest, in connection therewith.  The Receiver may employ such agents, attorneys, independent contractors, and other professionals to assist the Receiver in recovering, controlling, and preserving the HFC Financed Vehicles, including the engagement of a company in which the Receiver is a principal, provided that the Receiver discloses his interest to the Court and the amount of compensation paid to any such agent or firm is comparable to that charged by similar entities for similar

1  services.

2          8.    <u>Ancillary Proceedings</u>:  The Receiver, in furtherance of this Order,

3  may institute and participate as a party (in his capacity as Receiver) in ancillary

4  proceedings in this State or other States as is necessary to fulfill his obligations

5  under this Order, including specifically in order to obtain possession and control of

6  the HFC Financed Vehicles located outside the State of California.  The Court

7  hereby authorizes the Receiver, without further order of this Court, to file lawsuits

8  or other proceedings as may be required by local law in States other than California

9  in order to seize the HFC Financed Vehicles located in those other States, subject to

10  the written approval of Plaintiff or its counsel for the Receiver to pursue such HFC

11  Financed Vehicles, which approvals shall not be unreasonably withheld.

12          9.    <u>Police Assistance</u>:  The Receiver, as agent of the Court, shall be

13  entitled to the assistance of law enforcement officials, when levying this Order,

14  taking possession of the HFC Financed Vehicles, or at any other time during the

15  term of the Receivership, if, in the opinion of the Receiver, such assistance is

16  necessary to preserve the peace and protect the HFC Financed Vehicles, without

17  further order from this Court.

18         10.    <u>Bank Accounts</u>:

19            a.    Pending further order of this court, the Receiver shall deposit

20  monies and funds collected and received in connection with the Receivership

21  Estate at federally-insured banking institutions located within the State of

22  California which are not parties to this action, or, if the HFC Financed

23  Vehicles are located in another State and the Receiver deems it appropriate,

24  at federally-insured banking institutions located in another State which are

25  not parties to this action where any HFC Financed Vehicles are located in

26  that other State.

27            b.    Monies coming into the possession of the Receiver and not

28  expended for any purposes herein authorized shall be held by the Receiver

7

1    pending further order of this Court.

2         c.    Upon presentation of a copy of this Order, all depositories,

3    banks, financial institutions, brokerages, and otherwise, shall provide copies

4    of any requested records regarding any such accounts to the Receiver.

5         11.    Delivery of the HFC Financed Vehicles and All Monies Paid or Owing

6    Thereon:  Upon Defendants' notice of this Order, Defendants shall immediately,

7    but, in any event, within forty-eight (48) hours, deliver to the Receiver the HFC

8    Financed Vehicles and HFC Financed Vehicle Documents in Defendants'

9    possession, custody, or control, including without limitation all keys, key fobs,

10   alarm codes, passwords, key cards or anything else needed to enter or drive any of

11   the HFC Financed Vehicles or to enter any of the premises where any of the HFC

12   Financed Vehicles are located (the "HFC Financed Vehicle Devices").  The

13   Receiver may demand, collect, and receive all interest, profits, and income from the

14   sale of any of the HFC Financed Vehicles, or any part, owed, unpaid, and

15   uncollected as of the effective date of this Order, or which hereafter becomes due.

16        12.    Mail:  Defendants or their representatives (including Defendant

17   Birnhack as defined below) must promptly deliver all mail pertaining to the HFC

18   Financed Vehicles to the Receiver directly.

19        13.    Entry to Premises Where HFC Financed Vehicles Are Located:  The

20   Receiver shall further be entitled to engage a locksmith for the purposes of gaining

21   entry to any premises, building or property maintained in Defendants' name(s)

22   where any of the HFC Financed Vehicles are located for the purpose of promptly

23   removing any vehicles, with the exception of the home residence of defendant

24   Yitzhok Birnhak, unless upon further Order of the Court.   Neither the Receiver, nor

25   any locksmith or agent of the Receiver, shall be allowed to effect any entry to the

26   residential dwelling home of Defendant Yitzhok Birnhak.  To the extent that the

27   residential home dwelling of Yitzhock Birnhak has a garage or other structure with

28   a separate entry point not within the home of Mr. Birnhak, and the Receiver has

**[PROPOSED] ORDER APPOINTING A PERMANENT RECEIVER, ETC.**
**CASE NO: 2:23-CV-07744-GW-AGR**

obtained credible information that an HFC Financed Vehicle(s) is/are stored within that garage or other separate structure, the Receiver may employ a locksmith to gain entry to that separate entry point of the garage or separate structure for the purpose of promptly removing said vehicle.

14.    <u>Records Relating to the HFC Financed Vehicles</u>:  Upon Defendants' notice of this Order, Defendants shall immediately, but in any event within forty-eight (48) hours, deliver to the Receiver all records relating to (a) the HFC Financed Vehicles, and (b) any party that may have possession or use of a HFC Financed Vehicle, including customers of Defendants, mechanics, or storage facilities, in whatever place, format, media or cloud the records or information may be maintained, or from which they may be accessed.  If Defendants fail to comply with the forgoing provision and with Section 11 infra, the Receiver may demand and shall have access to all computers, computer systems, cloud computing, electronic media, file cabinets, filing rooms or any other equipment or place where files are stored (including all passwords, passcodes, keys, tokens, devices, licenses or any other information or thing, tangible, intangible or electronic necessary to obtain access and control of those systems and records) relating to (a) the HFC Financed Vehicles, (b) the registration thereof, or (c) the location of the HFC Financed Vehicles.

15.    <u>Liquidation of HFC Financed Vehicles</u>:  With respect to HFC Financed Vehicles for which Defendants, prior to issuance of this Order, have not commenced efforts to sell as described in Paragraph 3.c., the Receiver shall take all reasonable steps to ready the HFC Financed Vehicles to be liquidated, as soon as reasonably practicable after the Receiver takes possession, custody, or control of the HFC Financed Vehicles, and liquidate and dispose of the HFC Financed Vehicles in a commercially reasonable manner including, without limitation, disposing of HFC Financed Vehicles though sales conducted by industry-recognized motor vehicle auctioneers, such as Manheim, Adesa, and IAAI, and

1  directly to dealers and other third parties so long as the purchase price is ninety

2  percent of the Manheim value for such vehicles.

3      16.  **Receiver's Certificates**:  The Receiver is authorized to borrow money

4  and to issue Receiver's Certificates to secure such indebtedness provided that

5  Plaintiff, in its sole discretion, will advance such funds.  Plaintiff shall be entitled to

6  earn interest on such advances at the legal rate of interest.  The Receiver's

7  Certificates shall have priority over all other general claims against the

8  Receivership Estate, collectively constitute a lien and charge upon all of the assets

9  of the Receivership Estate securing the Receiver's Certificate, and shall be prior

10  and superior to all liens, encumbrances, and claims against the HFC Financed

11  Vehicles held by any secured creditors.  After any Receiver's Certificate is issued a

12  copy shall be included in the Receiver's monthly report.  The original shall be

13  delivered to the lender.  As funds in the Receivership Estate are deemed by the

14  Receiver to be in excess of necessary reserves, the Receiver may redeem these

15  Certificates.

16      17.  **Plaintiff to Notify Receiver of the Appearances of the Parties**:  Plaintiff

17  is ordered to promptly notify the Receiver of the names, addresses, and telephone

18  numbers of all parties and their counsel who appear in the action, so that the

19  Receiver may give notice to all parties of any matters affecting the receivership

20  estate.

21      18.  **Contempt**:  Upon the failure of Defendants, or their agents,

22  representatives, and all persons acting under, in concert with, or for Defendants, to

23  abide by any term or condition of this Order, the Receiver may petition this Court

24  for further action to compel and enforce this Order, including to seek the issuance

25  of an Order to Show Cause re Contempt.

26      19.  **Receiver's Fees**:  The Receiver shall be entitled to submit monthly

27  detailed invoices for reimbursement of his Receivership fees and expenses, as set

28  forth in this paragraph, with such invoices to be reviewed and approved by Plaintiff,

**BUCHALTER**
A PROFESSIONAL CORPORATION

**[PROPOSED] ORDER APPOINTING A PERMANENT RECEIVER, ETC.**
**CASE NO: 2:23-CV-07744-GW-AGR**

which approval shall not be unreasonably withheld, before payment hereunder is made.  The Receiver is entitled to charge the rate of $780 per hour.  The Receiver is hereby authorized to retain persons employed with Development Specialists, Inc. ("DSI"), with which the Receiver is affiliated, at hourly rates of $185 to $780.  In addition, the Receiver shall be entitled to receive reasonable reimbursement for (i) reasonable out-of-pocket expenses incurred on behalf of the Receivership Estate, including, but not limited to, the Receiver's Bond, court filings, mailing and shipping expenses, and other outside services; and (ii) the Receiver's standard costs for travel time, mileage, faxes, copies, and similar Receiver-provided services, at rates comparable to that charged by similar persons/companies for similar services.

20.    <u>Monthly Reports</u>:  The Receiver shall prepare, serve, and file with the Court monthly reports.  Upon the service of each statement, and subject to the preceding paragraph, the Receiver may disburse from Receivership Estate funds, if any, the amount of each statement.  Notwithstanding the periodic payment of fees and expenses, all fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of a properly noticed interim request for fees, a stipulation of all parties, or in the Receiver's Final Account and Report.

21.    <u>Receiver's Final Report and Account</u>:  Upon any event terminating the need for a Receiver, including the liquidation of all or substantially all of the HFC Financed Vehicles, the Receiver shall turn over possession, custody, and control of any remaining HFC Financed Vehicles to the appropriate person or entity without further Court Order.  As soon as is practicable after the Receivership terminates, the Receiver shall file, serve, and set for hearing in this Court his Final Report and Account.  Notice shall be given to all persons from whom the Receiver has received notice of potential claims against the Receivership Estate.

a.    The motion to approve the Final Report and Account, and for discharge of the Receiver, shall contain a summary of the Receivership accounting, including enumerating, by major categories, total revenues and

1   total expenditures, the net amount of any surplus or deficit with supporting

2   facts, a declaration under penalty of perjury of the basis for the termination of

3   the Receivership, and evidence to support an order for the distribution of any

4   surplus, or payment of any deficit, in the Receivership Estate.

5       b.    The bond of the Receiver shall be canceled or exonerated upon

6   the Court's discharge of the Receiver.

7   22.   Instructions from the Court:  The Receiver, or any party to this action,

8   may from time to time, on due notice to all parties, make application to this Court

9   on an *ex parte* basis for further orders instructing the Receiver or related relief.

10  23.   General Provisions:

11      a.    No person or entity shall file suit against the Receiver, or take

12  other action against the Receiver, without an order of this Court permitting

13  the suit or action, provided, however, that no prior Court order is required to

14  file an application or motion in this action to enforce the provisions of this

15  Order or any other order of this Court in this action;

16      b.    The Receiver, the Receivership Estate and its employees, agents,

17  attorneys, and all professionals and management companies retained by the

18  Receiver shall not be held liable for any claim, obligation, liability, action,

19  cause of action, cost, expense or debts incurred by Defendants.  The Receiver

20  and his employees, agents, and attorneys shall have no personal liability, and

21  they shall have no claim asserted against them relating to the Receiver's

22  duties under this Order, without prior authority from this Court as stated

23  above.  All who are acting, or have acted, on behalf of the Receiver or at the

24  request of the Receiver are protected and privileged with the same

25  protections of this Court as those of the Receiver; and

26      c.    Nothing contained in this Order shall be construed as obligating

27  or permitting the Receiver to advance his own funds to pay any costs and

28  expenses of the Receivership Estate.

## PERMANENT INJUNCTION

**IT IS ORDERED** that Defendants, including Yitzchok M. Birnhack ("Birnhack"), and each of them, and their respective members, agents, employees, assignees, successors, representatives, and all persons acting under, in concert with, or for them, shall not engage in or perform, directly or indirectly, any or all of the following acts:

1.      Interfering, hindering, or molesting in any way whatsoever the Receiver in the performance of the Receiver's duties and in the performance of any duties incidental thereto;

2.      Transferring, directly or indirectly, any interest by sale, or by pledge, grant of security interest, assignment, invoice, or encumbering in any manner, any of the HFC Financed Vehicles, wherever located, and any or all proceeds thereof;

3.      Moving, destroying, deleting, or altering any of Defendants' records (whether physical or electronic) related in any way to the HFC Financed Vehicles;

4.      Moving, concealing, blocking in, destroying, vandalizing, stripping, removing parts or equipment of any of the HFC Financed Vehicles;

5.      Moving any computers, computer components, hard drives or tablet computing devices containing information regarding the HFC Financed Vehicles from any office or location of Defendants;

6.      Demanding, collecting, receiving, or in any other way diverting or using any of the proceeds from the HFC Financed Vehicles;

7.      Causing any mail to be forwarded to any address other than the current business addresses of Defendants or to an address provided by the Receiver, or otherwise interfering with or intercepting any mail intended for Defendants; or

8.      Failing or refusing to immediately turn over to the Receiver all

BUCHALTER
A PROFESSIONAL CORPORATION

of the HFC Financed Vehicles.

**IT IS FURTHER ORDERED** that Defendants, including Birnhack, and each of them, and their respective members, agents, employees, assignees, successors, representatives, and all persons acting under, in concert with, or for them, including specifically Birnhack, shall immediately do each of the following:

      1.   <u>Turn Over Property</u>:  Relinquish and turn over possession of the HFC Financed Vehicles, the HFC Financed Vehicle Documents, and the HFC Financed Vehicle Devices to the Receiver upon the Receiver's appointment becoming effective; and

      2.   <u>Turn Over Data, Information, Books and Records</u>:  Turn over to the Receiver and direct all third parties in possession thereof to turn over all data, information, books, records, certificates of title, vehicle registrations, repair records and any other records relating to the HFC Financed Vehicles, the HFC Financed Vehicle Documents, and the HFC Financed Vehicle Devices.  If Defendants fail to comply with the forgoing provision, the Receiver may demand and shall have access to all computers, computer systems, cloud computing, electronic media, file cabinets, filing rooms or any other equipment or place where files are stored (including all passwords, passcodes, keys, tokens, devices, licenses or any other information or thing, tangible, intangible or electronic necessary to obtain access and control of those systems and records) relating to (a) the HFC Financed Vehicles, (b) the registration thereof, or (c) the location of the HFC Financed Vehicles.

**IT IS FURTHER ORDERED** that except by leave of this Court, all creditors seeking to enforce any claim, right, or interest against Defendants (not including Birnhack), be barred by this Order from using any "self-help" or doing anything whatsoever to interfere in any way with the Receiver in the conduct of the receivership estate.

1      **IT IS FURTHER ORDERED** that, in order to promote judicial efficiency,

2   all persons who receive actual or constructive notice of this Order are enjoined in

3   any way from disturbing the Receivership Estate's assets or from prosecuting any

4   new proceedings (including collection or enforcement proceedings) that involve the

5   Receiver or the HFC Financed Vehicles (including any proceeding initiated

6   pursuant to the United States Bankruptcy Code) unless such person or persons first

7   obtains the permission of this Court.

8      **IT IS FURTHER ORDERED** that all third parties, including, but not

9   limited to, car rental companies, garages, airports or mechanics in possession of the

10  HFC Financed Vehicles, are hereby ordered to turn over such property to the

11  Receiver within five (5) business days of receipt of a copy of this Order.

12     **IT IS FURTHER ORDERED** that Plaintiff is only required to serve this

13  Order regarding the appointment of a permanent receiver to Borrower Defendants

14  and to any government agencies that are known to Plaintiff to have a lien or levy

15  upon Borrower Defendants' assets. This Order shall be effective as to Defendants

16  upon service on Defendants' counsel.

17

18  **IT IS SO ORDERED.**

19  Dated: November 27, 2023

20  _____
    HON. GEORGE H. WU,
    United States District Judge

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION

**[PROPOSED] ORDER APPOINTING A PERMANENT RECEIVER, ETC.**
**CASE NO: 2:23-CV-07744-GW-AGR**