NIV V. DAVIDOVICH, ESQ. (State Bar No. 247328)
CHARLIE Z. STEIN, ESQ. (State Bar No. 265321)
EDMUND J. SHERMAN, ESQ. (State Bar No. 155768)
**DAVIDOVICH STEIN LAW GROUP LLP**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Telephone:  (818) 661-2420
Facsimile:   (818) 301-5131
E-Mail(s):   niv@davidovichlaw.com
             charlie@davidovichlaw.com
             ed@davidovichlaw.com

Attorneys for Defendants AEZ Rent A Car LLC; ICR Group LLC; JHRC Corp; The Bar, LLC; WCR Group, LLC; YTS Group, LLC; and Yitzchok M. Birnhack

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HFC ACCEPTANCE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AEZ Rent a Car, LLC, a New York limited liability company; ICR Group, LLC, a New York limited liability company; JHRC Corp., a New York corporation; The Bar, LLC, a New York limited liability company; WCR Group, LLC, a New York limited liability company; Yitzchok M. Birnhack, an individual,<br><br>Defendants. | Case No.: 2:23-cv-07744-GW-AGR<br><br>Assigned to: Hon. George Wu<br>Magistrate Judge: Hon. Alicia G. Rosenberg<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

DEFENDANTS AEZ Rent A Car, LLC, a New York Limited Liability Company; ICR Group, LLC, a New York limited liability company; JHRC Corp., a New York corporation; The Bar, LLC, a New York limited liability company; WCR Group, LLC, a New York limited liability company; and Yitzchok M. Birnhack, and individual, hereby answer Plaintiff's Complaint as follows:

## ANSWER TO COMPLAINT

## JURISDICTION AND VENUE

1. Paragraph 1 contains legal conclusions, arguments, and characterizations to which no response is required.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the complaint and therefore denies them.

3. Defendants admit that they are citizens of the State of New York but are without knowledge or information sufficient to form a belief as to whether Plaintiff is a citizen of the State of California and therefore deny this allegation.

4. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants are unable to speak as to the rights reserved by Plaintiff.

## THE PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 and therefore deny them.

6. Defendants admit each and every allegation contained in paragraph 6 of the complaint.

7. Defendants admit each and every allegation contained in paragraph 7 of the complaint.

///

8. Defendants admit each and every allegation contained in paragraph 8 of the complaint.

9. Defendants admit each and every allegation contained in paragraph 9 of the complaint.

10. Defendants admit each and every allegation contained in paragraph 10 of the complaint.

11. Defendants admit each and every allegation contained in paragraph 11 of the complaint.

12. Defendants admit each and every allegation contained in paragraph 12 of the complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the statement that Defendant Borrowers are "affiliated companies" and therefore deny this portion of this paragraph. Defendants admit that Defendant Borrowers are engaged in interstate commerce.

14. Defendants admit that Plaintiff provided financing in the form of loans which were used to purchase the HFC Financed Vehicles. Defendants admit that the HFC Financed Vehicles are used in their car rental businesses. Defendants deny all other allegations contained in paragraph 14 of the complaint.

## FIRST CLAIM FOR RELIEF
### Breach of Written Contract
### Plaintiff Against Defendant Borrowers

15. Defendants repeat and reallege their responses to paragraphs 1 through 14, inclusive, of the complaint and incorporate same as though fully set forth herein.

16. Defendants admit that the Loan Agreement and Security Agreement were signed but deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 contain the terms as they were described to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations as to execution

of further unidentified alleged documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

17. Defendants admit that Plaintiff agreed to and did provide financing as loans to Defendants. Defendants admit that they agreed to make payments on said loans. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were described to Defendants and that Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

18. Defendants admit that they agreed to grant a security interest in the HFC Financed Vehicles to Plaintiff but deny that a security interest in other Collateral was also granted to Plaintiff. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were described to Defendants and which Defendant agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

19.

(a) Defendants admit each and every allegation contained in paragraph 19(a) of the complaint.

(b) Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19(b) and therefore deny them.

(c) Defendants admit that the UCC 1 Financing Statement with regards to AEZ was filed but are without knowledge or information sufficient to form a belief as whether the copy attached as Exhibit "3" is true and correct in that Schedule A described therein is missing from the exhibit.

  (d) Defendants admit that the UCC 1 Financing Statement with regards to ICR was filed but are without knowledge or information sufficient to form a belief as whether the copy attached as Exhibit "4" is true and correct in that Schedule A described therein is missing from the exhibit.

  (e) Defendants admit that the UCC 1 Financing Statement with regards to JHRC was filed but are without knowledge or information sufficient to form a belief as whether the copy attached as Exhibit "5" is true and correct in that Schedule A described therein is missing from the exhibit.

  (f) Defendants admit that the UCC 1 Financing Statement with regards to The Bar was filed but are without knowledge or information sufficient to form a belief as whether the copy attached as Exhibit "6" is true and correct in that Schedule A described therein is missing from the exhibit.

  (g) Defendants admit that the UCC 1 Financing Statement with regards to WCR was filed but are without knowledge or information sufficient to form a belief as whether the copy attached as Exhibit "7" is true and correct in that Schedule A described therein is missing from the exhibit.

  (h) Defendants admit that the UCC 1 Financing Statement with regards to YTS was filed but are without knowledge or information sufficient to form a belief as whether the copy attached as Exhibit "8" is true and correct in that Schedule A described therein is missing from the exhibit.

20. Defendants admit that the Loan Agreement contains these terms but deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were represented to Defendants and which Defendant agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

21. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were

1  described to Defendants and which Defendant agreed upon. Defendants are without
2  knowledge or information sufficient to form a belief as to any allegations related to
3  unidentified documents which are alleged to be part of the "Loan Documents," and
4  thus deny said allegations.

5        (a)    Defendants deny that the Loan Agreement and Security Agreement
6  attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were
7  described to Defendants and which Defendant agreed upon. Defendants are without
8  knowledge or information sufficient to form a belief as to any allegations related to
9  unidentified documents which are alleged to be part of the "Loan Documents," and
10 thus deny said allegations. Defendants are without knowledge or information
11 sufficient to form a belief as to the truth of each and every other allegation contained
12 in paragraph 21(a) and therefore deny them.

13           (i)    Defendants are without knowledge or information sufficient to
14       form a belief as to the truth of each and every allegation contained in
15       paragraph 21(a)(i) and therefore deny them.

16           (ii)    Defendants are without knowledge or information sufficient to
17       form a belief as to the truth of each and every allegation contained in
18       paragraph 21(a)(ii) and therefore deny them.

19           (iii)   Defendants are without knowledge or information sufficient to
20       form a belief as to the truth of each and every allegation contained in
21       paragraph 21(a)(iii) and therefore deny them.

22           (iv)   Defendants are without knowledge or information sufficient to
23       form a belief as to the truth of each and every allegation contained in
24       paragraph 21(a)(iv) and therefore deny them.

25           (v)    Defendants are without knowledge or information sufficient to
26       form a belief as to the truth of each and every allegation contained in
27       paragraph 21(a)(v) and therefore deny them.

28 ///

DAVIDOVICH STEIN LAW GROUP LLP
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420

(vi) Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21(a)(vi) and therefore deny them.

(b) Defendants deny each and every allegation contained in paragraph 21(b) of the complaint.

(c) Defendants deny each and every allegation contained in paragraph 21(c) of the complaint.

22. Defendants deny that a document titled Notice of Default dated July 10, 2023 was delivered to Defendants. Defendants deny that the Notice of Default contains all of the information alleged in paragraph 22 of the complaint, including but not limited to any language regarding acceleration and immediate delivery of the HFC Financed Vehicles. Defendants deny that the complaint serves as further notice of default as described in paragraph 22 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

23. Defendants admit that they failed to make payment. Defendants deny that they were served with the Notice of Default, Defendants also deny that the Notice of Default included as Exhibit "9" contains a demand for immediate possession of the HFC Financed Vehicles. Defendants therefore deny that they failed to make payment and/or deliver the vehicles in response to a written notice of demand.

24. Defendants admit that there is an amount due and owing but are without knowledge or information sufficient to form a belief as to the amount stated in paragraph 24 and therefore deny this portion of the allegation. Defendants also deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified

documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

25. Defendants admit that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 contain an attorneys fees provision that provides for attorneys fees to the prevailing party. However, Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations. Defendants are unable to speak as to Plaintiff's purpose in retaining the law firm of Buchalter.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 26 and therefore deny them.

27. Defendants deny each and every allegation contained in paragraph 27 of the complaint.

28. Defendants deny each and every allegation contained in paragraph 28 of the complaint.

29. Defendants deny each and every allegation contained in paragraph 29 of the complaint.

30. Defendants deny each and every allegation contained in paragraph 30 of the complaint.

### SECOND CLAIM FOR RELIEF

#### For Money Lent

#### Plaintiff Against Defendant Borrowers

31. Defendants repeat and reallege their responses to paragraphs 1 through 14, and 16 through 30, inclusive, of the complaint and incorporate same as though fully

set forth herein.

32. Defendants admit that there is an amount due and owing but are without knowledge or information sufficient to form a belief as to the amount stated in paragraph 32 and therefore deny this portion of the allegation.

33. Defendants admit that there is an amount due and owing but are without knowledge or information sufficient to form a belief as to the amount stated in paragraph 33 and therefore deny this portion of the allegation. Defendants deny that the Loan Agreement and Security Agreement attached as Exhibits 1 and 2 accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 34 and therefore deny them.

### THIRD CLAIM FOR RELIEF
### For Account Stated
### Plaintiff Against Defendant Borrowers

35. Defendants repeat and reallege their responses to paragraphs 1 through 14, 16 through 30, and 32 through 34, inclusive, of the complaint and incorporate same as though fully set forth herein.

36. Defendants admit that there is an amount due and owing but are without knowledge or information sufficient to form a belief as to the amount stated in paragraph 36 and therefore deny this portion of the allegation.

37. Defendants admit that there is an amount due and owing but are without knowledge or information sufficient to form a belief as to the amount stated in paragraph 37 and therefore deny this portion of the allegation. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1

1 and 2 accurately reflect the terms as they were represented to Defendants and which 2 Defendants agreed upon. Defendants are without knowledge or information 3 sufficient to form a belief as to any allegations related to unidentified documents 4 which are alleged to be part of the "Loan Documents," and thus deny said allegations.

## FOURTH CLAIM FOR RELIEF

### For Recovery of Personal Property (Claim and Delivery)

### Plaintiff Against Defendant Borrowers

38. Defendants repeat and reallege their responses to paragraphs 1 through 14, 16 through 30, 32 through 34, and 36 through 37, inclusive, of the complaint, and incorporate same as though fully set forth herein.

39. Defendants admit that Plaintiff is registered as a holder of interest on some of the HFC Financed Vehicles, but Defendants are without knowledge or information sufficient to form a belief as to the truth regarding Plaintiff's application status for registration and on that basis deny the allegations related to the applications. Defendants deny that they granted Plaintiff a security interest in other Collateral. Defendants deny that the Security Agreement attached as Exhibit 2 to the complaint accurately reflects the terms as they were represented to Defendants and which Defendants agreed upon.

40. Defendants partially admit to the first sentence of paragraph 40 except that some of the HFC Financed Vehicles are not in Defendants' possession because they are in repair shops. Defendants deny the second sentence of paragraph 40, and are unable to admit or deny the third sentence of paragraph 40 because it is a demand and not an allegation. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

41. Defendants deny each and every allegation contained in paragraph 41 of the complaint.

### FIFTH CLAIM FOR RELIEF
### For Breach of Guaranty
### Plaintiff Against All Defendant Borrowers

42. Defendants repeat and reallege their responses to paragraphs 1 through 14, 16 through 30, 32 through 34, 36 through 37, and 39 through 41, inclusive, of the complaint and incorporate same as though fully set forth herein.

43. Defendants admit that the Defendant Borrowers Guaranty was signed but deny that this document, attached as Exhibit 10 to the complaint, contains the terms as they were described to Defendants and which Defendants agreed upon.

44. Defendants deny that the Defendant Borrowers Guaranty attached as Exhibit 10 to the complaint contains the terms as they were described to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

45. Defendants admit that Plaintiff accepted the Guaranty but are without knowledge or information sufficient to form a belief as to the truth regarding Plaintiff's reliance and actions taken thereupon and therefore deny this portion of paragraph 45. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

46. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 and the Defendant Borrowers Guaranty attached as Exhibit 10 to the complaint contain the terms as they were described to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified

-11-

ANSWER TO COMPLAINT

documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

47. Defendants deny that the document titled Notice of Default dated July 10, 2023 was delivered to Defendants. Defendants deny that the Notice of Default contains all of the information alleged in paragraph 47 of the complaint, including but not limited to any language regarding acceleration and immediate delivery of the HFC Financed Vehicles. Defendants deny that the complaint serves as further notice of default as described in paragraph 47 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

48. Defendants admit that there is an amount due and owing but are without knowledge or information sufficient to form a belief as to the amount stated in paragraph 48 and therefore deny this portion of the allegation. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

49. Defendants deny that the Defendant Borrowers Guaranty attached as Exhibit 10 accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants admit that the Defendant Borrowers Guaranty attached as Exhibit 10 contains an attorneys fees provision, that provides for attorneys fees to the prevailing party. Defendants are unable to speak as to Plaintiff's purpose in retaining the law firm of Buchalter. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

## SIXTH CLAIM FOR RELIEF

### For Breach of Guaranty

### Plaintiff Against Defendant Birnhack

50. Defendants repeat and reallege their responses to paragraphs 1 through 14, 16 through 30, 32 through 34, 36 through 37, 39 through 41, and 43 through 49, inclusive, of the complaint and incorporate same as though fully set forth herein.

51. Defendants deny that the Defendant Birnhack Guaranty attached as Exhibit 11 to the complaint contains the terms as they were described to Defendants and which Defendants agreed upon.

52. Defendants deny that the Defendant Birnhack Guaranty attached as Exhibit 11 to the complaint contains the terms as they were described to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

53. Defendants deny that the Defendant Birnhack Guaranty attached as Exhibit 11 to the complaint contains the terms as they were described to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

54. Defendants deny that the Loan Agreement and Security Agreement attached as Exhibits 1 and 2 and the Defendant Birnhack Guaranty attached as Exhibit 11 to the complaint contain the terms as they were described to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

55. Defendants deny that the document titled Notice of Default dated July 10, 2023 was delivered to Defendants. Defendants deny that the Notice of Default

-13-

ANSWER TO COMPLAINT

contains all of the information alleged in paragraph 55 of the complaint, including but not limited to any language regarding acceleration and immediate delivery of the HFC Financed Vehicles. Defendants deny that the complaint serves as further notice of default as described in paragraph 55 of the complaint. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

56. Defendants admit that there is an amount due and owing but are without knowledge or information sufficient to form a belief as to the amount stated in paragraph 56 and therefore deny this portion of the allegation. Defendants deny that the Loan Agreement and Security Agreement attached to the complaint as Exhibits 1 and 2 accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations.

57. Defendants deny that the Defendant Birnhack Guaranty attached as Exhibit 11 to the complaint accurately reflect the terms as they were represented to Defendants and which Defendants agreed upon. Defendants admit that while the Defendant Birnhack Guaranty attached as Exhibit 11 contains an attorneys fees provision, it provides for attorneys fees to the prevailing party. Defendants are without knowledge or information sufficient to form a belief as to any allegations related to unidentified documents which are alleged to be part of the "Loan Documents," and thus deny said allegations. Defendants are unable to speak as to Plaintiff's purpose in retaining the law firm of Buchalter.

///
///
///
///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(*Failure to State a Claim*)

The complaint, and each and every claim for relief against Defendants, in whole or in part, fails to state a claim upon which relief may be granted against Defendants, and further fails to entitle Plaintiff to the relief sought or to any relief whatsoever against Defendants.

### Second Affirmative Defense

(*Unclean Hands*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

### Affirmative Defense

(*Fraudulent Misrepresentation*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, by fraudulent misrepresentations made to Defendants by Plaintiff.

### Fourth Affirmative Defense

(*Fraudulent Inducement*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, because the underlying contract was entered into due to fraudulent inducement on the part of Plaintiff.

### Fifth Affirmative Defense

(*Negligent Misrepresentation*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, by negligent misrepresentations made to Defendants by Plaintiff.

///

### Sixth Affirmative Defense

(*Failure of Condition Precedent*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, due to the failure of a condition precedent to the relief sought therein.

### Seventh Affirmative Defense

(*Improper Notice of Breach*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, due to the failure of Plaintiff to properly notice the breach described therein.

### Eighth Affirmative Defense

(*Offset*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, due to Plaintiff's failure to property credit Defendants for all payments made by Defendants on their obligations.

### Ninth Affirmative Defense

(*Failure to Mitigate*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate such purported injury or damage, which reasonable efforts would have prevented its injury or damages, if any.

### Tenth Affirmative Defense

(*Adequate Remedies at Law*)

Equitable and injunctive relief are barred because Plaintiff has available remedies at law.

### Eleventh Affirmative Defense

(*Failure to Pursue Alternative Dispute Resolution*)

The complaint, and each and every claim for relief against Defendants, is

barred, in whole or in part, because Plaintiff has failed to request arbitration as required by the underlying contract.

## Twelfth Affirmative Defense

### (*Estoppel*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, by the doctrine of estoppel.

## Thirteenth Affirmative Defense

### (*Acquiescence*)

The complaint, and each and every claim for relief against Defendants, is barred, in whole or in part, by the doctrine of acquiescence.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve their right to add, delete, or modify any and all defense which may pertain to the complaint that are now or may become available in this action through clarification or amendment of the complaint, through discovery, through further legal analysis of Plaintiff's or Defendants' claims and positions in this litigation, or otherwise.

## REQUEST FOR RELIEF

Wherefore, Defendants pray as follows:

1. For dismissal of Plaintiff's action with prejudice;
2. For an order that Plaintiff shall take no relief from the complaint;
3. For costs of the suit herein; and
4. For such further relief the Court deems fair.

Respectfully submitted,

DATED: December 4, 2023      **DAVIDOVICH STEIN LAW GROUP LLP**

By: /s/ Niv V. Davidovich
    NIV V. DAVIDOVICH
    CHARLIE Z. STEIN
    EDMUND J. SHERMAN

# PROOF OF SERVICE

*HFC Acceptance, LLC, etc. v. AEZ Rent A Car LLC, etc., et al.*
U.S.D.C. Case No. 2:23-cv-07744-DDP-AGR

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 6442 Coldwater Canyon Avenue, Suite 209 – North Hollywood, California 91606.

On December 4, 2023, I served, in the manner indicated below, the foregoing document described as

**ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

| | |
|---|---|
| ☐ | **VIA PERSONAL SERVICE:** I caused such envelope(s) to be delivered **by hand** to the above address(es) listed on this page or the attached service list. |
| ☐ | **VIA UNITED STATES POSTAL SERVICE:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively as follows:<br>☐ VIA FIRST-CLASS MAIL (*Code of Civil Procedure* §§1013 and 1013(a))<br>☐ VIA EXPRESS MAIL OR OTHER OVERNIGHT DELIVERY SERVICE (*Code of Civil Procedure* §§1013(c) and (d))<br>☐ VIA CERTIFIED MAIL (*Code of Civil Procedure* §§1013 and 1013(a)) |
| ☐ | **VIA FACSIMILE TRANSMISSION:** (*Code of Civil Procedure* §§1013(e) and (f)): from facsimile number: 818.301.5131 to the facsimile number(s) listed on the attached service list. The facsimile machine I used complied with *California Rules of Court*, Rule 2.306 and no error was reported by the machine. |
| ☐ | **COURTESY COPY VIA ELECTRONIC MAIL:** I caused the Document(s) to be sent to the person(s) at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is: Sharon@DavidovichLaw.com. |
| ☐ | **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I caused the Document(s) to be sent to the person(s) at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is: Sharon@DavidovichLaw.com. A copy of the sent e-mail will be maintained with the original document(s) in our office. (*Code of Civil Procedure* §1010.6 and *California Rules of Court*, Rule 2.251.) |
| ☒ | **VIA ELECTRONIC FILING SERVICE:** Complying with *Code of Civil Procedure* §1010.6, my electronic business address is: Sharon@DavidovichLaw.com and I caused such document(s) to be electronically served to those parties on the attached Service List maintained on its website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office. |
| ☐ | **VIA SHAREFILE:** Complying with *Code of Civil Procedure* §1010.6(a)(1)(c), I caused an electronic notice to be sent to the person(s) at the e-mail address(es) listed |

on the attached Service List. This notice contained a secure link that permits the person(s) individual access to download the above-listed document(s). Notification is provided via counsel's secure ShareFile system's administrative e-mail account, A copy of the sent e-mail will be maintained with the document(s) in our office. (*Code of Civil Procedure* §1010.6 and *California Rules of Court*, Rule 2.251.) I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. This link will expire after 60 days and access will no longer be permitted to the document(s). Pursuant to *Code of Civil Procedure* §1010.6(a)(2), the party(ies) have agreed to receive electronic service via this method.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 4, 2023, in North Hollywood, California.

SHARON CUNNINGHAM

# PROOF OF SERVICE – SERVICE LIST

*HFC Acceptance, LLC, etc. v. AEZ Rent A Car LLC, etc., et al.*
U.S.D.C. Case No. 2:23-cv-07744-DDP-AGR

| | |
|---|---|
| Jeffrey S. Wruble, Esq.<br>Email: jwruble@buchalter.com<br>William S. Brody, Esq.<br>Email: wbrody@buchalter.com<br>David E. Mark, Esq.<br>Email: dmark@buchalter.com<br>Shir Davidovicz, Esq.<br>Email: sdavidovicz@buchalter.com<br>Mary Ancy Pendergrass, Esq.<br>mpendergrass@buchalter.com B<br>BUCHALTER, A Professional Corporation<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017-2457<br>Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400 | Attorneys for Plaintiff, HFC ACCEPTANCE, LLC |