1 | **RAINES FELDMAN LITTRELL LLP**
2 | Kathy Bazoian Phelps (SBN
    | kphelps@raineslaw.com
3 | 1900 Avenue of the Stars, 19th Floor
    | Los Angeles, California 90067
4 | Telephone: (310) 440-4100
    | Facsimile: (310) 691-1943
5 |
    | Attorneys for
6 | Receiver, Bradley D. Sharp

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HFC ACCEPTANCE, LLC, a California limited liability company, | Case No.: 2:23-cv-7744-GW-AGRx |
| Plaintiff, | Assigned to: Hon. George H. Wu |
| v. | **RECEIVER'S STATUS REPORT** |
| AEZ Rent A Car LLC, a New York limited liability company; ICR Group LLC, a New York limited liability company; JHRC Corp, a New York corporation; The Bar, LLC, a New York limited liability company; WCR Group, LLC, a New York limited liability company; YTS Group, LLC, a New York limited liability company; Yitzchok M. Birnhack, an individual domiciled in New York, | [No Hearing Set] |
| Defendants. | |

1

Bradley D. Sharp, the Court-appointed receiver (the "Receiver") in the above action, hereby files this Status Report pursuant to Paragraph 20 of the Order Appointing a Permanent Receiver Against Defendants and for Issuance of Permanent Injunction in Aid of Receiver ("Receivership Order").  ECF No. 54.

## I.   BACKGROUND

Plaintiff HFC Acceptance, LLC ("HFC" or "Plaintiff") brought this action against Defendants AEZ Rent A Car LLC; ICR Group LLC; JHRC Corp; The Bar, LLC; WCR Group, LLC; and YTS Group, LLC; and Yitzchok M. Birnhack (collectively, "Defendants") by filing the Complaint on September 21, 2023. ECF No. 1.

Plaintiff's claims are based upon a transaction in which Plaintiff provided financing in the form of loans to Defendants for payment of the purchase price of 55 motor vehicles (the "HFC Financed Vehicles") for use as equipment in Defendants car rental businesses.  *Id*. ¶ 14.  Plaintiff served a written notice of default on Defendants on July 10, 2023 after Defendants failed to make timely payment of the amounts due.  *Id*. ¶ 22.  The notice of default included the demand for immediate delivery of possession to Plaintiff of the HFC Financed Vehicles.  *Id*.  Defendant Borrowers failed to pay the sum due and failed to deliver the HFC Financed Vehicles to Plaintiff.  *Id*. 23.

On November 27, 2023, this Court entered the Receivership Order.  The Receivership Order appointed the Receiver over 53 motor vehicles financed by Plaintiff identified on Exhibit 1 to the Receivership Order.

The Receivership Order provided the Receiver with "all the usual and customary powers of a receiver with respect to the receivership . . . and the assets that comprise (or will comprise) the receivership estate (the 'Receivership Estate'), including: (i) to locate, take immediate possession of, assemble, and safeguard the HFC Financed Vehicles." Receivership Order at 2.  With regard to the HFC Financed Vehicles, the Receivership Order provided the Receiver with

the power "to take possession of, assemble, and safeguard all certificates of title, vehicle registrations, insurance policies, documents relating to insurance claims, repair records or any other records relating to the HFC Financed Vehicles (the 'HFC Financed Vehicle Documents'), wherever located (including outside the State of California . . .)." *Id*. at 3.

## II. RECEIVER'S DEMAND FOR VEHICLES AND RECORDS

The Receiver demanded the turnover of the HFC Financed Vehicles, the HFC Financed Vehicle Documents, and the HFC Financed Vehicle Devices (collectively, the "Receivership Property").

After repeated demands by the Receiver, the Defendants produced a single Excel spreadsheet regarding the HFC Financed Vehicles on December 5, 2023, which indicated that none of the HFC Financed Vehicles was insured, and that 19 of the HFC Financed Vehicles were lost or stolen. The Defendants did not agree to turnover the HFC Financed Vehicles and counsel for the Defendants stated only that he had passed the demand for turnover of the Receivership Property over to his client.

The Receiver made repeated demands that the Receivership Property be made available for inspection and pickup and set a particular time and location for the turnover. The Defendants have failed and refused to produce or turnover any of the Receivership Property except for the one Excel spreadsheet and 4 invoices discussed below.

On December 7, 2023, the Defendants filed an appeal of the Receivership Order.

On December 8, 2023, the Defendants filed a motion to stay the receivership proceedings pending their appeal of the Receivership Order. The Defendants motion was denied by order entered on December 14, 2023.

On December 11, 2023, the Defendants produced a revised spreadsheet that indicated that they found the location of all but four of the HFC Financed

Vehicles and that two of the four vehicles had been stolen.

The Receiver again made repeated additional demands for turnover of the Receivership Property, but Defendants have refused to produce the Receivership Property.

In an effort to provide an excuse for the failure to turnover the Receivership Property, on December 19, 2023, counsel for the Defendants produced four invoices from EZ Collision, one of the two identified locations of the HFC Financed Vehicles, which counsel asserted set forth the obligations owed by Defendants to EZ Collision for repair and storage of vehicles. Counsel stated that the four invoices constituted the basis of EZ Collision's liens on the vehicles. A review of the invoices revealed no basis for a lien and the invoices were quite aged and appeared to bear no relevance to the Receiver's demand or provide a valid basis to withhold the Receivership Property from the Receiver. The Receiver again made demand for the Receivership Property, and counsel for the Defendants stated additional documents would be provided, which have never been provided. Counsel for the Defendants also stated that Mr. Birnhack did not have control over either Star Covid Testing or EZ Collision, the two identified locations of the HFC Financed Vehicles. The Receiver's investigation reveals that Mr. Birnhack appears to be directly related to these companies, and he is reflected as the principal of both Star Covid Testing and EZ Collision in public records.

On December 21, 2023, new counsel for the Defendants contacted the Receiver's counsel and advised that a bankruptcy petition would be filed. No bankruptcy petition was filed.

On December 28, 2023, another lawyer contacted the Receiver's counsel and advised that a bankruptcy petition would be filed.

On January 11, 2024, a bankruptcy petition was filed for just one of the Defendants, ICR Group LLC. As of the date of this Status Report, the other

Defendants have not filed bankruptcy petitions.

Accordingly, the Receiver has not yet obtained any of the Receivership Property, other than 2 spreadsheets and 4 invoices.

### III.  OTHER RECEIVER ACTIVITIES

Upon his appointment, the Receiver filed notices pursuant to 28 U.S.C. §754 in the Southern, Northern, and Eastern Districts of New York and the District of New Jersey to ensure that jurisdiction extends over property located in those districts. The Receiver is advised that the HFC Financed Vehicles are located in New York and New Jersey.

The Receiver has communicated with counsel for HFC to stay apprised of HFC's communications with the Defendants and settlement possibilities. To date, no settlement has been reached.

The Receiver had been preparing a motion for contempt against the Defendants and is evaluating proceeding with the motion with respect to the other Defendants (other than ICR Group, LLC who filed bankruptcy).

Dated: January 16, 2023

RAINES FELDMAN LITTRELL LLP

By: */s/ Kathy Bazoian Phelps*
Kathy Bazoian Phelps
Attorneys for Receiver
Bradley D. Sharp