JEFFREY S. WRUBLE (SBN: 94734)
    Email: jwruble@buchalter.com
WILLIAM S. BRODY (SBN: 136136)
    Email: wbrody@buchalter.com
DAVID E. MARK (SBN: 247283)
    Email: dmark@buchalter.com
DANIELLE M. MAYER (SBN: 298995)
    Email: dmayer@buchalter.com
KEVIN J. CONNELLY (SBN: 339857)
    Email: kconnelly@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff, HFC ACCEPTANCE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HFC ACCEPTANCE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AEZ Rent A Car LLC, a New York limited liability company;<br>ICR Group LLC, a New York limited liability company;<br>JHRC Corp., a New York corporation;<br>The Bar, LLC, a New York limited liability company<br>WCR Group, LLC, a New York limited liability company;<br>YTS Group LLC, a New York limited liability company;<br>Yitzchok M. Birnhack, an individual domiciled in New York,<br><br>Defendants. | **Case No: 2:23-cv-07744-GW-AGR**<br><br>**JOINT RULE 26(F) REPORT**<br><br>Status Conference: October 15, 2024<br>Time:        8:15 A.M.<br>Courtroom:    9D |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 85067815V2

By and through its attorneys of record, who are set forth below, Plaintiff HFC Acceptance, LLC ("Plaintiff") and Defendant Yitzchok M. Birnhack ("Defendant Birnhack"), in *pro per*, have prepared and hereby submit this Rule 26(f) Report pursuant to the Court's Order setting a Scheduling Conference (Dkt. No. 162.) and the Court's Minutes of Order to Show Cause re Defendant Yitzchok M. Birnhack's Failure to Defend; and Status Conference as to Bankruptcy Defendant ICR Group LLC (Dkt. No. 174). Plaintiff's counsel conferred with Defendant Yitzchok M. Birnhack ("Defendant Birnhack") regarding this report on October 9, 2024 at 9:00 A.M. PST.

## I.    STATEMENT OF THE CASE

### A.    Plaintiff's Position

This Action is a straightforward commercial loan default case. Plaintiff, as lender, and AEZ Rent A Car, LLC, ICR Group, LLC, JHRC Corp., The Bar, LLC, WCR Group, LLC, and YTS Group, LLC, as borrowers (collectively, "Defendant Borrowers") entered into a Master Fleet Finance Agreement dated as of October 6, 2022 (the "Loan Agreement") filed on October. Plaintiff and Defendant Borrowers also signed a Commercial Security Agreement (the "Security Agreement") and other related documents (collectively with the Loan Agreement and Security Agreement, the "Loan Documents").

Pursuant to the Loan Documents, Plaintiff provided loan advances to Borrowers (collectively, the "Loan") to Defendant Borrowers that Defendant Borrowers used to pay the purchase price for the purchase of certain motor vehicles (the "HFC Financed Vehicles") that Defendant Borrowers provide to an affiliate for the purported use in the affiliate's purported car rental business. Pursuant to the Loan Agreement and other Loan Documents, Defendant Borrowers, jointly and severally, agreed to make certain payments and perform certain obligations owed to Plaintiff, and to be bound by the terms and conditions set forth in the Loan Documents.

Pursuant to the Security Agreement, each Defendant Borrower granted

Plaintiff a security interest in the HFC Financed Vehicles owned by such Defendant Borrower and other assets owned by such Defendant Borrower described as "Collateral" in the Security Agreement (collectively, "Collateral") to secure the prompt and unconditional performance of the obligations of and the repayment of indebtedness owed by Defendant Borrowers to Plaintiff under the Loan Documents.

The Loan Agreement further provides, among other terms, that in addition to the repayment of principal, interest, and other amounts due pursuant to the terms of the Loan Documents, should Defendant Borrowers fail to make any payment on the date such payment is due, Defendant Borrowers agree to pay to Plaintiff a late payment charge in an amount equal to 5.00% of the amount not paid by the due date.

In connection with the loan by Plaintiff, Defendant Borrowers executed and delivered to Plaintiff a written Continuing Guaranty dated as of October 6, 2022 (the "Defendant Borrowers Guaranty"). Pursuant to the Defendant Borrowers Guaranty, each Defendant Borrower agreed to pay, separate and independent from its own obligations under the Loan Agreement and other Loan Documents, an amount equal the total indebtedness and sum of amounts due, owing, and payable by each other Defendant Borrower under the Loan Agreement and other Loan Documents.

Defendant Birnhack executed and delivered to Plaintiff a written Continuing Guaranty dated as of October 6, 2022 (the "Defendant Birnhack Guaranty"). Pursuant to the terms of the Defendant Birnhack Guaranty, Defendant Birnhack agreed to pay, as a separate and independent obligation from each Borrower Defendant's obligations under the Loan Agreement and other Loan Documents, an amount equal the total indebtedness and sum of amounts due, owing, and payable by Defendant Borrowers under the Loan Agreement and other Loan Documents.

In or around April 2023, Defendant Borrowers defaulted under the Loan Agreement and other Loan Documents by, among other defaults, failing to timely make payment of payment obligations when due (the "Existing Defaults"). On July 10, 2023, Plaintiff served on Defendants written notice of the occurrence and

continuation of the Existing Defaults (the "Notice of Default") pursuant to which Plaintiff provided notice to Defendants of (a) the occurrence of the Existing Defaults, (b) the acceleration of all obligations and amounts due under the Loan Documents, (c) the demand for immediate payment by Defendant Borrowers under the Loan Documents and Guaranties of all indebtedness and obligations owed to Plaintiff under the Loan Documents and Guaranties in full, and (d) the demand for the immediate delivery of possession to Plaintiff of the HFC Financed Vehicles.

Plaintiff has performed all its obligations, covenants, and conditions under the Loan Documents that Plaintiff agreed to perform, except for those obligations, covenants, and conditions excused by the acts or omissions of Defendants.

Defendant Borrowers are liable for breach of written contract, money lent, account stated, recovery of personal property (claim and delivery) and breach of guaranty, and Defendant Birnhack is liable for breach of guaranty, all as more fully set forth in the Complaint (Dkt. No. 1) (the "Complaint").

**B.    Defendant's Position**

i.    The Court lacks the legal capacity to adjudicate this matter in light of paragraph 13 of the Master Fleet Finance Agreement (attached to the Complaint as Ex. 1) which provides as follows:

**"Arbitration of Disputes and Waiver of Jury Trial"**

**Any disputes arising between Creditor and Debtor regarding this agreement, the personal guarantee or any purchase order financed under this agreement fees charged or shall be resolved by binding arbitration. Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association or JAMS/Endispute. The arbitrator shall be empowered to order the losing party in the arbitration to reimburse the prevailing party for all expenses incurred in connection with the arbitration, including without limitation the arbitrator's fees and reasonable attorneys fees**

and costs. It is further understood that:

- **The parties are waiving their right to a jury trial and to seek remedies available in court proceedings;**
- **Pre-arbitration discovery is generally more limited than and different from court proceedings;**
- **The arbitrator's award is not required to include factual findings or legal reasoning; and**
- **Any party's right to appeal or to seek modification of the award is strictly limited and the award shall be final and binding upon the parties.**

Accordingly, this matter should be dismissed with prejudice.

ii.     The subject loan sued upon is usurious, and therefore, unenforceable.

iii.    Plaintiff engaged in predatory lending, and therefore, its claims are barred.

## II.    JURISDICTION

### A.    Plaintiff's Position

Jurisdiction is based off of 28 U.S.C. §§ 1332 and 1348. This is a civil action between citizens of different states and in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### B.    Defendant's Position

The Court lacks subject matter jurisdiction to adjudicate this matter in light of the arbitration clause in the parties' contract referenced above.

## III.    LEGAL ISSUES

### A.    Plaintiff's Position

The legal issues in this Action include whether Defendant Borrowers are liable for breach of written contract, money lent, account stated, recovery of personal property (claim and delivery) and breach of guaranty, and Defendant Birnhack is liable for breach of guaranty, all as more fully set forth in the Complaint. (Dkt. No.

1.)

### B.    **Defendant's Position**

Whether the Cout lacks subject matter jurisdiction to adjudicate this matter in light of the arbitration provision referenced above; and, whether the subject loan is usurious and predatory in nature, and thus, unenforceable.

## IV.    **PARTIES, EVIDENCE**

### A.    **Plaintiff's Position:**

**Parties:** Plaintiff is a California limited liability company with its principal place of business and main office located in the City of Los Angeles, County of Los Angeles, State of California.

Defendant Birnhack is an individual domiciled in the State of New York. Birnhack is the owner, whether directly or through intermediate entities, of each of Defendant Borrowers. Defendant ICR Group, LLC ("Defendant ICR") has filed a voluntary bankruptcy petition before the United States Bankruptcy Court, Eastern District of New York, and as a consequence, this Action is stayed as to Defendant ICR.

On June 6, 2024, the Court entered the default of Defendant Borrowers other than Defendant ICR. (Dkt. 141.)

**Additional Parties**: Plaintiff does not anticipate the addition of any other parties.

**Percipient Witnesses**: Yitzchok M. Birnhack, Jeff Brodsky.

**Expert Witnesses**: Plaintiff has not yet identified any expert witnesses.

**Key Documents**:

- The Master Fleet Finance Agreement dated as of October 6, 2022, by and among Plaintiff and Defendant Borrowers;

- The Commercial Security Agreement dated as of October 6, 2022, by and among Plaintiff and Defendant Borrowers;

- The Continuing and Personal Guarantee dated as of October 6, 2022, by

Defendant Birnhack;

- The Continuing Corporate Guarantee dated as of October 6, 2022, by Defendant Borrowers;

- The UCC 1 Financing Statement filed on October 21, 2022, with the New York Secretary of State, designated as Filing Number: 202210210443859, with respect to the interest of Plaintiff, as "secured party," in the assets of Defendant AEZ, as "debtor," described as "collateral" therein;

- The UCC 1 Financing Statement filed on October 21, 2022, with the New York Secretary of State, designated as Filing Number: 202210210443811, with respect to the interest of Plaintiff, as "secured party," in the assets of Defendant ICR, as "debtor," described as "collateral" therein;

- The UCC 1 Financing Statement filed on October 21, 2022, with the New York Secretary of State, designated as Filing Number: 202210210443772, with respect to the interest of Plaintiff, as "secured party," in the assets of Defendant JHRC, as "debtor," described as "collateral" therein;

- The UCC 1 Financing Statement filed on October 24, 2022, with the New York Secretary of State, designated as Filing Number: 202210210448425, with respect to the interest of Plaintiff, as "secured party," in the assets of Defendant The Bar, as "debtor," described as "collateral" therein;

- The UCC 1 Financing Statement filed on October 21, 2022, with the New York Secretary of State, designated as Filing Number: 202210210443847, with respect to the interest of Plaintiff, as "secured party," in the assets of Defendant WCR, as "debtor," described as "collateral" therein;

- The UCC 1 Financing Statement filed on October 21, 2022, with the New York Secretary of State, designated as Filing Number: 202210210443796, with respect to the interest of Plaintiff, as "secured party," in the assets of Defendant YTS, as "debtor," described as "collateral" therein.

### B.    Defendant's Position

Defendants have nothing to add to the above

## V.    DAMAGES

### A.    Plaintiff's Position

Plaintiff asserts damages in a sum of not less than $1,603,926.59, plus additional interest, late charges, and other amounts due as provided in the Loan Documents according to proof at time of trial or entry of judgment, as well as attorney's fees and costs associated with this Action.

### B.    Defendant's Position

Plaintiff has sustained no damages due its usurious and predatory actions. Furthermore, Defendants have offered to forfeit the collateral which would make Plaintiff whole, but Plaintiff, has in bad faith, refused Defendant's tender of the collateral.

## VI.    INSURANCE

### A.    Plaintiff's Position

Plaintiff is not presently aware of any applicable insurance coverage that would apply to the present claims and defenses at issue in this Action.

### B.    Defendant's Position

Defendant has no insurance coverage that would cover Plaintiff's claims.

## VII.    MOTION SCHEDULE

### A.    Plaintiff's Position

Procedural Motions: Plaintiff does not have a present intention, and does not anticipate, filing motions to add other parties or claims, to amend pleadings, or to

transfer venue.

Dispositive Motions: Plaintiff intends to file a motion for summary judgment. Plaintiff proposes that each party must serve moving papers for dispositive motions on or before March 31, 2025.

Class Certification Motions: Not applicable at this time.

**B.    Defendant's Position**

## VIII.  MANUAL FOR COMPLEX LITIGATION

**A.    Plaintiff's Position**

Plaintiff contends that this action is not "complex" and does not require this Court to use any part of the Manual for Complex Litigation Procedures.

**B.    Defendant's Position**

Defendants defer to Plaintiff's position.

## IX.  DISCOVERY

**A.    Plaintiff's Position**

*Status of Discovery*

Plaintiff has not propounded in this Action as of the date of this Report.

*Discovery Plan*

Plaintiff anticipates using all discovery methods permitted by the Federal Rules of Civil Procedure. Plaintiff does not propose any changes to disclosures under FRCP 26(a). Plaintiff proposes that the Court sets a deadline of November 1, 2024 to exchange initial disclosures.

Plaintiff anticipates the subjects of discovery may include, but not be limited to, the loan transaction and documents described in the Complaint, as well as Defendant Birnhack's alleged defenses to the Complaint. Plaintiff anticipates that expert discovery may be necessary for each of these subjects.

Plaintiff does not propose any changes to the discovery limitations set forth in the Federal Rules of Civil Procedure. If Plaintiff believes through the course of discovery that additional discovery is necessary, Plaintiff will try to meet and confer

with Defendant Birnhack to address the proposed additional discovery, and, if necessary, raise any issues with the Court. Plaintiff does not believe that discovery needs to be conducted in phases.

*Discovery Cut-Off*

Plaintiff proposes the following deadlines:

| | |
|---|---|
| Fact discovery: | June 11, 2025 |
| Expert Disclosure (Initial): | June 18, 2025 |
| Expert Disclosure (Rebuttal): | July 14, 2025 |
| Expert Discovery Cut-Off: | August 5, 2025 |

**B.    Defendant's Position**

Defendant's defer to Plaintiff's position.

## X.    **TRIAL**

### A.    **Plaintiff's Position**

*Trial Estimate*: Plaintiff anticipates that a trial in this Action will be approximately 3 to 4 days. Plaintiff does not request a jury trial.

*Lead Trial Counsel*:

David E. Mark

Buchalter, A Professional Corporation

1000 Wilshire Boulevard, Suite 1500

Los Angeles, California 90017-1730

dmark@buchalter.com

### B.    **Defendant's Position**

The matter should be dismissed and removed to arbitration, thus there should be no trial.

## XI.    **INDEPENDENT EXPERT OR MASTER**

### A.    **Plaintiff's Position**

Plaintiff does not anticipate a need to appoint a master or independent expert.

### B.    **Defendant's Position**

1   Defendants defer to Plaintiff's position.

2   **XII.   ADR**

3    **A. Plaintiff's Position**

4    Pursuant to Local Rule 26-1, Plaintiff believes that ADR Procedure No. 2

5   under Local Rule16-15.4 is best suited to the circumstances of this Action. Plaintiff

6   is willing to participate in formal or informal settlement conferences.

7    **B. Defendant's Position**

8    The matter should be dismissed with prejudice and removed to

9   arbitration.due to the arbitration clause in the parties' agreement

10    All other signatories listed below, and on whose behalf the filing is submitted,

11   concur in this filing's content and have authorized the filing.

12   DATED: October 10, 2024   BUCHALTER
            A Professional Corporation

13

14

15

16          By: _____*/s/ David E. Mark*_____
           JEFFREY S. WRUBLE

17              WILLIAM S. BRODY
           DAVID E. MARK

18              DANIELLE M. MAYER
           KEVIN J. CONNELLY

19              Attorneys for Plaintiff
           HFC ACCEPTANCE, LLC

20

21   DATED: October 10, 2024   YITZCHOK M. BIRNHACK

22

23

24         By: */s/ Yitzchok M. Birnhack (w/ permission)*

25           YITZCHOK M. BIRNHACK
          *In Pro Per*

26

27

28

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 years old and not a party to this action. My business address is Buchalter, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612.  My email address is gtooley@buchalter.com.

On **October 10, 2024,** I served the following document **JOINT RULE 26(F) REPORT** via electronic service and mail on the person listed below:

Yitzchok M. Birnhack
5314 16th Avenue, Suite 202
Brooklyn, NY 11204
Email: isaacbirn@gmail.com

☒    **BY EMAIL**  I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☒    **BY MAIL**  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  The address(es) shown above is(are) the same as shown on the envelope.  The envelope was placed for deposit in the United States Postal Service at Buchalter, A Professional Corporation in Irvine, California. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on October 10, 2024 at Irvine, California.

*/s/   Geri K. Tooley*
Geri K. Tooley