UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7744-GW-AGRx | Date | January 3, 2025 |
|---|---|---|---|
| Title | *HFC Acceptance, LLC v. AEZ Rent A Car LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON DEFENDANT YITZCHOK M. BIRNHACK'S MOTION TO COMPEL ARBITRATION, VACATE DEFAULTS, STAY ACTION, AND SANCTIONS [184]

Attached hereto is the Court's Tentative Ruling on Defendant's Motion [184] set for hearing on January 6, 2025 at 8:30 a.m.

:

Initials of Preparer    JG

<u>**HFC Acceptance, LLC v. AEZ Rent A Car, LLC et al.**</u>; Case No. 2:23-cv-07744-GW-(AGRx)
Tentative Ruling on Pro Se Defendant Yitzchok Birnhack's Motion to Compel Arbitration, Vacate Defaults, Stay Action, and for Sanctions

Before the Court is a motion filed by *pro se* Defendant Yitzchok Birnhack styled as a Motion to Compel Arbitration, Vacate Defaults, Stay Action, and for Sanctions (the "Motion"). *See* Motion, Docket No. 185.  The Court has considered the Motion and Plaintiff HFC Acceptance, LLC's opposition ("Opp."). *See* Opp., Docket No. 188.  Birnhack did not file a reply.  For the reasons stated herein, the Court would **DENY** the Motion.

### I. Background

On September 21, 2023, Plaintiff HFC Acceptance, LLC ("HFC") brought this action against Defendants AEZ Rent A Car LLC, ICR Group LLC, JHRC Corp., The Bar, LLC, WCR Group, LLC, YTS Group, LLC, and Yitzchok M. Birnhack ("Birnhack") (collectively, "Defendants"), alleging Defendants were in default on loans HFC provided them for the purchase of 55 motor vehicles, and seeking the appointment of a temporary receiver over the vehicles. *See* Docket Nos. 1, 8.  The Complaint also alleged that on or about October 6, 2022, Birnhack executed a written Continuing Guaranty (the "Birnhack Guaranty") in which Birnhack "agreed, among other terms, to unconditionally guaranty the full and punctual payment, performance, and satisfaction of the indebtedness of each of the other" Defendants. *See* Complaint ¶ 52.  The Birnhack Guaranty, which was attached to the Complaint, includes the following forum selection clause:

> The parties to this guarantee agree that regardless of where the document is executed, that all disputes hereunder will be submitted for resolution in the City of Los Angeles, County of Los Angeles, State of California.  The parties further agree that in the event any legal proceeding is initiated to enforce the terms of this agreement or rights arising hereunder, such suit may be filed in the County of Los Angeles, State of California, and DEBTOR and Guarantor specifically agree to submit to the jurisdiction of the California Courts, specifically waive any objections the parties have or may have as to personal jurisdiction in California, and agree to be bound by any final decision or judgment rendered therein.

*See* Complaint, Ex. 11, ¶ 18, at 73 of 74.

On November 27, 2023, the Court entered an order appointing a receiver. *See* Docket No. 54.  Birnhack and all other Defendants opposed HFC's *ex parte* application for appointment of the receiver. *See* Docket Nos. 21, 44.  On December 4, 2023, Birnhack and all other Defendants,

1

represented by legal counsel, together filed an answer to the Complaint. *See* Answer, Docket No. 63. Defendants admitted in their Answer that they failed to make timely payments under the loans. *See* Answer ¶ 23. They also raised in their Answer an affirmative defense that "each and every claim for relief against Defendants is barred in whole or in part because Plaintiff has failed to request arbitration as required by the underlying conduct." *See* Answer at 16. Defendants, still represented by legal counsel, then filed a notice of appeal to the Ninth Circuit and sought a stay of the proceedings pending appeal, which this Court denied. *See* Docket Nos. 71, 83.

On December 29, 2023, Defendants' counsel filed a motion to withdraw (the "Withdrawal Motion"), citing a breakdown in the attorney-client relationship and fee payment issues. *See* Withdrawal Motion, Docket No. 88. On January 17, 2024, the Court was advised that Defendant ICR Group LLC filed for bankruptcy. *See* Docket No. 94. On February 1, 2023, the Court held a hearing on the Withdrawal Motion, which Birnhack, the only individual defendant, attended telephonically. *See* Declaration of Danielle M. Mayer ("Mayer Decl."), Docket No. 131-1, ¶ 2. During the hearing, Birnhack indicated that he needed a few more days to obtain new counsel. *Id*. Understanding that Birnhack was close to finding replacement counsel for Defendants, the Court continued the hearing on the Withdrawal Motion to February 22, 2024. *See* Docket No. 101. The parties then stipulated to continue the status conference to March 11, 2024. *See* Docket Nos. 108-109. During the March 11, 2024 hearing, the Court indicated that it would grant the Withdrawal Motion and relieve counsel for all Defendants except ICR Group, because it was in bankruptcy proceedings. *See* Docket No. 112.

Upon HFC's motion, the Court later struck the Answer and entered default against all the business entity defendants except IPR Group (the "Defaulting Defendants"). *See* Docket Nos. 140-141. On June 20, 2024, Birnhack indicated that he would not be finding replacement counsel for the business entity defendants but that he would individually continue *pro se*. *See* Docket No. 148.

## II.  Discussion

Birnhack moves to compel arbitration and stay the action based on a purported arbitration clause contained in the party's Master Fleet Finance Agreement. In addition, Birnhack moves to set aside the defaults entered against the Defaulting Defendants because the action should have been arbitrated, not filed in this Court. Birnhack also moves to sanction HFC for frivolously commencing this action in disregard of the arbitration clause. *See* Motion at 2-5.

### A. Local Rule 7-3

HFC argues that the Court should deny the Motion because Birnhack failed to meet and confer before it. Birnhack did not respond to this argument because he did not file a reply.

Local Rule 7-3 sets forth a clear command: "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. L.R. 7-3. "The purpose of Local Rule 7-3 is to foster the informal resolution of legal issues without court intervention and to permit the parties to brief whatever issues remain in a thoughtful, concise, and useful manner. *Stewart v. San Luis Ambul., Inc.*, No. 13-cv-09458-BRO-(SSx), 2015 WL 12681650, at *1 (C.D. Cal. Aug. 7, 2015). As this Court has said before, the meet-and-confer requirement of Local Rule 7-3 is not suggestive – it is mandatory. *See, e.g.*, *Goldberg v. Ruano*, No. 23-cv-2395-GW-(AGRx), 2023 WL 8143521, at *4 (C.D. Cal. June 22, 2023). Indeed, the Court may decline to consider any motion that fails to satisfy the requirements commanded by Local Rule 7-3, *see* C.D. Cal. L.R. 7-4, which courts within this district have often done. *See Goldberg*, 2023 WL 8143521, at *4 (collecting cases).

Because Birnhack is proceeding *pro se*, the Court will not deny the instant Motion based solely on Birnhack's failure to satisfy Local Rule 77-3, which the Court accepts as true because the argument was not opposed. The Court advises Birnhack, however, that despite proceeding *pro se*, he is required to adhere to the procedural rules of this Court and the Federal Rules of Civil Procedure. *See Hall v. Washington Mut. Bank*, No. 10-cv-01606-DMG-(VBKx), 2011 WL 13213926, at *1 (C.D. Cal. Jan. 3, 2011) ("Although the text of this rule could be literally interpreted to exclude unrepresented parties from its application, this Court construes the rule to include pro se parties, who are otherwise required to observe the Local and Federal Rules."). In the future, Birnhack's failure to fulsomely meet and confer with HFC's counsel at least seven days before filing a motion will lead to his filings being summarily denied.

### B. Compel Arbitration & Stay Action

Birnhack cites the Federal Arbitration Act ("FAA") as the basis for compelling this case to arbitration pursuant to the "Arbitration of Disputes and Waiver of Jury Trial" clause contained in paragraph 13 of the Master Fleet Agreement. *See* Motion at 4-5.

A party aggrieved by the refusal of another party to arbitrate under a written arbitration agreement may petition the court for an order compelling arbitration as provided for in the parties'

3

agreement. *See* 9 U.S.C. § 4. Under the FAA, a court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Here, there is no agreement to arbitrate between Birnhack and HFC. That is because the Master Fleet Agreement, which Birnhack correctly identifies as containing an arbitration agreement, defines "Debtor" as "AEZ Rent A Car, LLC, ICR Group, LLC, JHRC Corp. The Bar, LLC, WCR Group, LLC, YTS Group, LLC." *See* Complaint, Ex. 1., at 21 of 74. Though Birnhack signed the Master Fleet Agreement on behalf of these entities, he is not himself a party to the agreement. The only identified agreement to which Birnhack is individually a party is the Birnhack Guaranty, under which Birnhack explicitly agreed to "submit to the jurisdiction of the California Courts" and that any "suit may be filed in the County of Los Angeles, State of California." *See* Complaint, Ex. 11, ¶ 18, at 73 of 74. Notably, the Birnhack Guaranty does not contain an arbitration provision. *See generally id*. Birnhack could rely upon the Master Fleet Agreement to compel arbitration only on behalf of Defaulting Defendants, who are the only parties to that agreement, and only then through an attorney.

Thus, the Court finds that no valid agreement to arbitrate exists as between HCF and Birnhack and, therefore, Birnhack has no basis to personally rely upon the FAA to compel this case to arbitration. Even so, the Court would simply observe that there would be serious questions as to whether the agreement to arbitrate has been waived by Birnhack's long participation in this case, both while represented by legal counsel and while proceeding *pro se*.

For all of these reasons, the Court **DENIES** Birnhack's Motion with respect to compelling this case to arbitration.

### C. Vacate Defaults

Birnhack is the only individual named in this lawsuit, and the only defendant still litigating (in *pro se*). Each of the Defaulting Defendants is a business entity. A corporation must be represented by legal counsel to appear in federal court. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curium). Local Rule 83-2.2.2 extends this rule to all organizations and entities. *See* C.D. Cal. L.R. 83-2.2.2 ("Only individuals may represent themselves *pro se*. No organization or entity of any other kind (including corporations, limited

liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court."). All of the Defaulting Defendants have had a default entered against them for failure to obtain replacement counsel, and none has noticed an appearance of an attorney since default was entered. Birnhack is not an attorney. Birnhack is therefore representing only himself in this action and has no basis to, and cannot, move to set aside the defaults entered against the Defaulting Defendants.

In any event, the Court can only "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Other than a conclusory statement that initiating this lawsuit was "frivolous," the Motion does not even attempt to set forth a factual basis upon which the Court could find good cause to set aside the defaults. The Court would simply note, too, that it has been exceedingly patient with Birnhack during these proceedings and that Birnhack has expressed directly to the Court his understanding of proceeding *pro se*, all of which obviates strongly against any finding of good cause.

For both of these reasons, the Court **DENIES** Birnhack's Motion with respect to setting aside the defaults entered against the Defaulting Defendants.

### D. Sanctions

Birnhack asserts that HFC "should be sanctioned for its frivolous conduct in filing this action." Motion at 5. The Court will construe this statement as a motion for sanctions. "'For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on.'" *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990) (quoting *McCabe v. Arave*, 827 F.2d 634, 639 (9th Cir. 1987). Here, Birnhack does not cite any authority for the imposition of sanctions. The Court therefore has no basis to properly consider, let alone impose, sanctions against HFC or its counsel. To the extent Birnhack relies on Rule 11 as the basis for sanctions, there is no indication that Birnhack complied with the rule's mandatory "safe harbor" provision. *See* Fed. R. Civ. P. 11(c)(2).

For both of these reasons, the Court **DENIES** Birnhack's Motion with respect to imposing sanction on HFC or its counsel.

### III. Conclusion

Based on the foregoing discussion, the Court **DENIES** Defendant Birnhack's Motion to Compel Arbitration, Vacate Defaults, Stay the Action, and for Sanctions.