UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-7744-GW-AGRx | Date | April 11, 2025 |
|---|---|---|---|
| Title | *HFC Acceptance, LLC v. AEZ Rent A Car LLC, et al*. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - ORDER DENYING DEFENDANT YITZCHOK M. BIRNHACK'S MOTION TO STAY FOR 45 DAY PAUSE IN COURT PROCEEDINGS [205]

On April 9, 2025, *pro se* defendant Yitzchok M. Birnhack ("Birnhack") filed a motion to stay the proceedings in this matter for 45 days ("Motion," Docket No. 205) to further seek counsel. For the reasons explained herein, the Court does not find the submission of an opposition brief necessary and **DENIES** the Motion.

Birnhack initially had representation in this matter, but that relationship deteriorated and, in December 2023, his counsel sought to withdraw. *See* Docket Nos. 88, 88-2. On March 14, 2024, the Court permitted Birnhack's then-counsel to withdraw and gave Birnhack until April 9, 2024 to inform the Court whether he would proceed with new counsel or *pro se*. *See* Docket No. 119. Birnhack did not timely inform the Court of his intentions as instructed, but the Court nonetheless gave Birnhack until June 20, 2024 to obtain representation or proceed *pro se*. *See* Docket No. 142. On June 20, Birnhack informed the Court that he would proceed in this litigation *pro se*. *See* Docket No. 148. Birnhack now avers that he is experiencing difficulty navigating the proceedings *pro se* and has reached out to ten law firms but has been unsuccessful in obtaining counsel. *See* Motion.

The Court recognizes the difficulties that *pro se* litigants face, and for this reason gave Birnhack a substantial amount of time – months in total – to obtain representation. Most importantly, Birnhack has given this Court no reason to believe that a 45-day stay will permit Birnhack to obtain counsel. On the contrary, months of an apparently unsuccessful search in an earlier stage of litigation and the aforementioned ten rejections indicate that a 45-day stay would achieve nothing more than further delaying the proceedings.

"A district court has discretionary power to stay proceedings." *Lockyer v. Mirant Corp*., 398 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7744-GW-AGRx | Date | April 11, 2025 |
|---|---|---|---|
| Title | *HFC Acceptance, LLC v. AEZ Rent A Car LLC, et al*. | | |

1098, 1109 (9th Cir. 2005). When considering whether to grant a stay, the court considers the "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Birnhack has not met his burden to establish the need for a stay. Further delaying the proceedings may harm Plaintiff HFC Acceptance, LLC, forcing it to incur further litigation costs and compounding the delay in receiving any relief to which it may be entitled based upon debts purportedly owed. The Court recognizes that Birnhack is experiencing challenges navigating the proceedings without counsel, but a "desire to retain counsel does not justify staying proceedings." *Davis v. Long Beach City Police*, No. 22-cv-08676-ODW-DFM, 2023 WL 8125851, at *1 (C.D. Cal. Mar. 2, 2023). Morever, as previously stated, Birnhack has offered no indication that granting a 45-day stay would permit him to successfully retain counsel. Therefore, the Court cannot find that staying the proceedings would lead to Birnhack obtaining counsel and thus have any of the positive effects that might result from both parties having representation.

Based on the foregoing discussion, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**